[Sac. No. 1920. In Bank.—April 1, 1912.]

In the Matter of the Guardianship of ELSIE ANNA FOR-
RESTER, a Minor; COOVER W. FORRESTER, Con-
testant and Appellant; ANNIE I. WOLLAM, Petitioner
and Respondent.

GUARDIANSHIP OF MINOR—PREFERENTIAL RIGHT OF PARENT—PRESUMP-
TION OF COMPETENCY.—Under section 1751 of the Code of Civil
Procedure, it is the duty of the court to appoint the father or mother
of a minor child under the age of fourteen years as its guardian, if
such parent is found by the court competent to discharge the duties
of guardianship; and inasmuch as the presumption of law is in
favor of competency, the section is to be construed as if it read that
the father or mother is to be appointed if not found by the court
incompetent.

ID.—COMPETENT FATHER PREFERRED TO GRANDMOTHER.—Where the father
is competent, he is entitled to letters of guardianship in preference
to the grandmother, even though the court may find that the child's
health and welfare would be promoted by granting guardianship to
the grandmother.

ID.—WILLFUL FAILURE TO MAINTAIN NOT PROOF OF INCOMPETENCY.—The
willful failure of a father to maintain his child, although it may
be shown as one of the items of evidence bearing upon the question
of his competency, is not the same thing as incompetency, and will
not support a conclusion to that effect.

ID.—EVIDENCE—FINDING NOT SUPPORTED.—The finding that the father
of the child in question had willfully failed to support it is held not
to be supported by the evidence.

ID.—VOLUNTARY SUPPORT OF CHILD BY GRANDPARENTS—ACQUIESCENCE
BY FATHER.—In view of the provision of section 208 of the Civil
Code, that a "parent is not bound to compensate the other parent, or
a relative, for the voluntary support of his child, without an agreement
for compensation," the acquiescence of a father in the voluntary
support of his child by its grandparents cannot be construed as a
willful failure by him to support it, within the meaning of subdi-
vision 4 of section 246 of the Civil Code.

ID.—FINDING OF FACT PLACED AMONG CONCLUSIONS OF LAW.—A finding
may be regarded as one of fact even though mistakenly placed
among the conclusions of law, but this cannot be done where it
appears that the alleged finding was a conclusion drawn by the court
from the facts previously found, and such facts do not, as matter of
law, support it.

APPEAL from a judgment of the Superior Court of San Joaquin County appointing a guardian of the person of a minor. C. W. Norton, Judge.

The facts are stated in the opinion of the court.

R. W. Dodge, for Appellant.

H. R. McNoble, and A. V. Scanlan, for Respondent.

SLOSS, J.—The respondent, Annie I Wollam, applied for appointment as guardian of the person of the minor above named. The petitioner was the maternal grandmother of the minor, the mother being dead. The amended petition of respondent alleged that appellant, the father of the minor, was not a fit and proper person to be appointed guardian, and was incompetent to act as such. Appellant answered, denying his incompetency, and asking that he be appointed guardian.

The court below found as facts that the minor was, and had been for fifteen months prior to the commencement of the proceeding, under the care of and solely supported by respondent and her husband; and that appellant, having the ability so to do, had willfully failed and neglected to maintain said minor and to provide her with the common necessaries of life. From these facts it drew the conclusion of law that the appellant is not a fit and proper person to be appointed guardian of said minor child, and is incompetent to act as such. Judgment was accordingly entered directing that letters be issued to respondent. The contestant, Coover W. Forrester, appeals from this judgment.

The minor was of the age of nineteen months when this proceeding was instituted. Under the provisions of section 1751 of the Code of Civil Procedure, it is made the duty of the court to appoint the father or mother of a minor child under the age of fourteen years, if such parent is "found by the court competent to discharge the duties of guardianship." Inasmuch as the presumption of law is in favor of competency, "the section is to be construed as if it read that the father or mother is to be appointed if not found by the court incompetent." (*In re Campbell*, 130 Cal. 380, [62 Pac. 613].) Accordingly, where the father is competent, he is entitled to

letters of guardianship in preference to the grandmother, even though the court may find that the child's health and welfare would be promoted by granting guardianship to the grandmother. (*Guardianship of Salter,* 142 Cal. 412, [76 Pac. 51].) In a case like this, the primary subject of inquiry is, then, the competency of the parent applying to act as guardian. If found competent, he or she must be appointed as against a more distant relative or a stranger. To this rule there appears to be no exception except that declared by subdivision 4 of section 246 of the Civil Code. Under that section, a parent forfeits the right of guardianship if he "knowingly or willfully abandons, or having the ability so to do, fails to maintain his minor child under the age of fourteen years . . ."

In the case at bar the court found that the appellant had willfully failed to maintain the child, though able to do so. It did not find as a fact that he was not competent to act as guardian. His incompetency was declared to follow as a conclusion of law from the facts found. A finding may, to be sure, be regarded as one of fact even though mistakenly placed among the conclusions of law. But this cannot be done where it appears that the alleged finding was a conclusion drawn by the court from the facts previously found, and such facts do not, as matter of law, support it. (*People* v. *Reed,* 81 Cal. 77, [15 Am. St. Rep. 22, 22 Pac. 474] ; *Geer* v. *Sibley,* 83 Cal. 4, [23 Pac. 220] ; *Savings & L. Soc.* v. *Burnett,* 106 Cal. 540, [39 Pac. 922] ; *Niles* v. *City of Los Angeles,* 125 Cal. 572, [58 Pac. 190] ; *People* v. *McCue.* 150 Cal. 195, [88 Pac. 899].) Such is the situation here. The only finding of fact affecting the father's right to letters is that he has willfully failed to maintain his child. The failure to provide may, no doubt, be shown as one of the items of evidence bearing upon the question of competency. But it is not the same thing as incompetency, nor does it, in and of itself, require a conclusion that the parent is incompetent. The past failure of a parent to provide for his child may well co-exist with a present ability to fully discharge all the duties of guardianship. The judgment appealed from cannot, therefore, be sustained on the ground of the appellant's incompetency.

This would, however, be immaterial if the finding that the appellant had willfully failed to support his child were sup-

ported by the evidence. As has been said, such failure forfeits the parent's claim of guardianship. But we think the testimony introduced was not sufficient to justify a finding of such forfeiture. The parent's right to the custody and control of his child should not be taken from him except upon a clear showing of delinquency on his part.

The child was born in January, 1909, at Hanford. In May, 1909, the child's mother returned with it to the home of her parents (one of whom is the respondent), at Stockton. The appellant at this time went to Texas. In October, 1909, he came to Stockton, and lived with his wife and child in apartments. In the interval, the grandparents had supported the child, the appellant furnishing only a small amount of money. After three or four weeks, the wife again went to the home of her parents, taking her child with her. In April, 1910, she died. During all of this period, from October or November, 1909, to April, 1910, and until the commencement of the proceedings, in June, 1910, the child was entirely supported by its grandparents, the appellant furnishing nothing for its support. The appellant himself was in poor health, but the testimony was such as to justify the conclusion that he had the ability to earn enough to provide for the child. But the testimony of all parties agreed to the point that the grandparents had voluntarily supported the child, and that neither of them had ever asked the father to contribute. It was also shown (though this would perhaps be important only if there were a claim that the appellant had abandoned the child), that he had, from time to time, visited the child at the home of its grandparents, and had been deterred from further visits by warnings not to enter the house.

Section 208 of the Civil Code provides that "a parent is not bound to compensate the other parent, or a relative, for the voluntary support of his child, without an agreement for compensation . . ." In view of this provision, we think the severe penalty of forfeiture of parental rights should not be visited upon a father who has merely permitted other relatives to voluntarily support his child, where the child is properly cared for, and no request for contribution has been made. In such case the interests of the child have suffered no injury, and the father has violated no legal duty to the relatives who have assumed the maintenance of the child. His acquiescence

in their voluntary acceptance of this burden does not constitute a willful failure to support, within the meaning of subdivision 4 of section 246 of the Civil Code. The case is certainly no stronger than it would have been if the appellant had agreed with the grandparents that they should have and rear the child. In that event, the father might have reclaimed his child at any time, even though the grandparents had expended money in its support. (*Matter of Galleher*, 2 Cal. App. 364, [84 Pac. 352], and cases cited.)

For these reasons, the judgment must be reversed, and the proceeding remanded for a new trial. The appellant asks that the court below be directed to grant letters to him. This cannot be done, because the issue as to his competency has not been disposed of, and this issue must be determined by the trial court.

The judgment is reversed.

Angellottti, J., Shaw, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.