[S. F. No. 6824.    Department One.—December 16, 1914.]

In the Matter of the Estate and Guardianship of GERALD MATHEWS, a Minor.

GUARDIANSHIP OF MINOR—PREFERENTIAL RIGHT OF PARENT.—Under the provisions of section 1751 of the Code of Civil Procedure, the father or mother of a minor child under the age of fourteen years, if found by the court competent to discharge the duties of guardianship, is entitled to be appointed guardian in preference to any other person, and the court must appoint a parent seeking to be appointed, unless it finds such parent incompetent, notwithstanding the judge is of the opinion that the child's health and welfare may be promoted by giving it to another.

ID.—INSUFFICIENCY OF EVIDENCE TO SUSTAIN FINDING OF INCOMPETENCY OF MOTHER.—It is held in this proceeding that the finding that the mother of the minor child in question is incompetent to act as its guardian and should be deprived of its custody, is not sustained by the evidence.

APPEAL from an order of the Superior Court of Alameda County appointing a guardian of a minor.   Stanley A Smith, Judge presiding.

The facts are stated in the opinion of the court.

James L. Nagle, and Louis H. Ward, for Appellant.

E. E. Parlin, and W. B. Rinehart, for Respondent.

ANGELLOTTI, J.—This is an appeal by the mother of Gerald Mathews, a minor, from an order appointing one Warren A. Rouse guardian of his person and estate.   The minor was born January 28, 1906, and has been in the family of Warren A. Rouse and his wife, Carrie E. Rouse, for over seven years.   It is not questioned that the Rouses are in all respects competent to properly care for him, or that he is being given a comfortable home with them and being raised as one of their own children.   The application of Rouse for appointment alleged that the father of said minor is either dead or has abandoned the child, and that the mother is an unfit and improper person to have his custody.   The trial court found that the father of the minor is dead, and that the mother "is an

unfit, incompetent and improper person to have the care, custody or control of the said Gerald Mathews," and "that the interest, welfare and safety and happiness of said minor . . . will be promoted by" the appointment of Rouse.

It is well settled that, under the provisions of section 1751 of the Code of Civil Procedure, the father or mother of a minor child under the age of fourteen years, if found by the court competent to discharge the duties of guardianship, is entitled to be appointed guardian in preference to any other person, and that the court must appoint a parent seeking to be appointed, unless it finds such parent incompetent, notwithstanding the judge is of the opinion that the child's health and welfare may be promoted by giving it to another. (*In re Forrester*, 162 Cal. 493, [123 Pac. 283] ; *In re Salter*, 142 Cal. 412, 415, [76 Pac. 51].) Here, as we have seen, there is such a finding, and the only question is whether such finding has sufficient legal support in the evidence.

We have given the evidence in this case very careful consideration and are unable to find therein sufficient support for this finding. Apparently the mother has always discharged her full duty to her child, in so far as she was able to do so. When he was but a few months old, immediately after the earthquake and fire of 1906, she advertised for a home for him, and in response to an answer to her advertisement she placed the infant in the care of the Rouses, as she says, upon an agreement that she was to pay for its maintenance twenty-five dollars per month. Her testimony as to an agreement to pay them is opposed to the testimony of Mrs. Rouse, but it is not denied that she constantly, up to a short time ago when she sought the return of the child, contributed substantially to its support, giving the money therefor to Mrs. Rouse. She visited the child at frequent intervals, and so far as we can see failed in no respect in the discharge of any of her obligations as a mother, in so far as she was able to discharge those obligations. She had no property and no home, and worked for a living as a domestic servant, and therefore was obliged to temporarily, at least, place the child somewhere else. It may be that she will still be unable to keep the child with her, but no sufficient reason appears in the evidence why she should be deprived of the legal custody of the child and the right to determine where he shall be kept. She testified that she wishes to place him with her brothers and

sisters in their home in San Francisco, and that they have indicated their willingness to receive him. It does not appear that this would be in any way an improper place for the child, or that the child would not be properly cared for in such place. The evidence relied on as warranting a finding of incompetency is pitifully weak, and entirely insufficient in our judgment to warrant a conclusion that the mother is incompetent to act as guardian and should be deprived of the custody of her child.

The order appealed from is reversed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.