## WILKERSON v. GALBREATH.

No. 15345—Opinion Filed Nov. 25, 1924.

Rehearing Denied Jan. 2. 1925.

(Syllabus.)

### Judgment—Res Judicata—Habeas Corpus.

Where the rights of conflicting claimants to the custody of a child are involved and determined in habeas corpus proceedings, the judgment is binding and conclusive, and bars subsequent proceedings by a party thereto upon the same state of facts.

Error from County Court, Noble County; H. A. Johnson, Judge.

Petition for habeas corpus by Alma E. Wilkerson against Leasel R. Galbreath. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Cress & Tebbe, for plaintiff in error.

Clark & Armstrong, Prentiss E. Rowe, and Henry S. Johnston, for defendant in error.

PER CURIAM. This appeal is from the order and judgment of the county court of Noble county in a habeas corpus proceeding to determine the right to the custody of Leasel Ralph Galbreath, a minor.

Plaintiff in error, petitioner below, is the infant's maternal grandmother. Defendant in error, respondent below, is the father of the child. The child, a boy, is now about eight years of age and was in the care and custody of this grandmother from the death of his own mother in 1919, until July, 1923, when defendant in error secretly obtained possession of the child.

Petitioner alleged in her petition for writ of habeas corpus that during the time she had the child in her possession, respondent brought two habeas corpus proceedings in the district court of Pawnee county to secure custody of the infant, both of which resulted in orders unappealed from denying the writ and awarding custody of the child to petitioner. The order in the first of these proceedings was entered in January, 1922. The order in the last case awarding custody of the child to plaintiff in error was made September 5, 1922.

It was the contention of plaintiff in error in the trial court, and is the sole proposition in her brief on appeal, that the orders of the district court of Pawnee county determining the right to the custody of the child were final orders reviewable in the Supreme Court, and that no appeal having been taken therefrom, such orders are binding and conclusive and bar a subsequent proceeding by the parties thereto upon the same facts. This seems to be the settled law in this state. Jamison v. Gilbert, 38 Okla. 751, 135 Pac. 342; Hedtke v. Kukuk, 93 Okla. 264, 220 Pac. 615. In Jamison v. Gilbert, supra, it is said:

"* * * But an examination of the authorities convinces us that the weight of authority holds that there is a distinction between a habeas corpus proceeding brought to secure the release of a person from restraint and a similar proceeding instituted to determine the right to the custody of the children. In the former class of cases, a decision on one writ is not a bar to the issuance of and proceedings upon a second writ; but an order in a proceeding to determine the right to the custody of a child, where the facts in the proceeding are the same as the first, is res adjudicata. * * *"

Respondent in his answer and return to the writ alleged no fact not considered and finally disposed of in the order of the district court of Pawnee county of September 5, 1922, awarding custody of the child to petitioner. In the absence of such allegation in the answer to the petition pleading former adjudication, there was no fact or issue before the court not already finally determined, and judgment should have been rendered returning the child to petitioner.

Defendant in error has failed to file brief, but the custody of the child being involved,

the court has seen fit to dispose of the appeal on its merits.

Judgment of the trial court is reversed, and cause remanded, with directions to grant the writ and award custody of the child to plaintiff in error.