[Civ. No. 6095. Second Appellate District, Division Two.—October 30, 1928.]

In the Matter of the Guardianship of AGNES PATTERSON BRUEGGER, a Minor. IDA JANE PATTERSON, Appellant, v. CLINTON BRUEGGER, Respondent.

A. T. Folsom for Appellant.

Rollin L. McNitt for Respondent.

THOMPSON (IRA F.), J.—This is an appeal from a judgment denying and dismissing a petition for the appointment of appellant as general guardian of Agnes Patterson Bruegger, a minor, and the daughter of Clinton Bruegger, the respondent. There were three proceedings pending in the trial court all having to do with the custody of this child, who at the time of trial was about seven years of age. One was a petition on the part of the appellant here to have it declared that her grandchild was abandoned by her father and free from his care and control; another was a *habeas corpus* proceeding instituted by the father against the maternal grandparents; and the third was the proceeding which gives rise to this appeal. The three proceedings were tried at the same time, it having been stipulated that all of the testimony might be considered as testimony in the guardianship proceeding. By reason of the failure of counsel to agree to all the facts or to direct our attention to those portions of the transcript where we might find the testimony referred to by them in their briefs we have assumed the burden of reading the entire testimony, a burden which counsel ought not to expect us to undertake, and which except for the appealing character of this case we might not have been willing to shoulder. This observation is inserted not only as a warning but also with the hope that counsel in the future will have regard for the number of cases with which the appellate tribunals are inundated and endeavor to perform those tasks with which they are properly chargeable in such a way as to lighten the labors and save the time of those whose duty it is to review the records

■ The appellant advances two reasons why the judgment should be reversed, the first of which is that the testimony adduced in the trial court was sufficient to prove a legal abandonment, and the other that the testimony was sufficient to prove that the father was not a fit and proper person to have the custody of the child. Acting upon the assumption that appellant intended to state that the evidence was insufficient to support the opposite conclusions we have culled from the record testimony which amply supports the result arrived at by the trial court.

Mrs. Bruegger is the second wife of the respondent. At the time of the death of his first wife, some time in 1920, the respondent and his daughter were living with the appellant and her husband. They continued to live there until June, 1921. Respondent married the present Mrs. Bruegger July 3, 1921, and built himself a modest yet substantial home in Eagle 'Rock, which has been very nicely furnished and where the respondent has continued to reside. Agnes, being of very tender years, was allowed to temporarily remain with her maternal grandparents, but when the respondent attempted to obtain the custody and control of his child, he was obliged by reason of the refusal of the grandparents to surrender her, to secure his relief through a proceeding in *habeas corpus,* the petition for which writ was filed on December 30, 1922. Apparently affairs moved along well enough until October 29, 1925, at which time friction developed between Mr. and Mrs. Bruegger and they both sought a divorce. During this temporary separation, which was healed by a reconciliation about five weeks later, since which time the parties themselves and neighbors testify they have lived together very happily, and on November 2, 1925, without the knowledge or consent of respondent, Mrs. Bruegger redelivered the child as she says for "just a little while" to the appellant. However, after the reconciliation and on December 26, 1925, the respondent and his wife went to the home of appellant and when they attempted to secure possession of the daughter the appellant resisted and respondent was arrested by police officers of El Segundo, called for that purpose, and charged with attempted kidnaping. Mr. and Mrs. Bruegger testify that they were warned by the city

recorder and officers to stay out of El Segundo; they also testify that on several occasions when they drove to El Segundo for the purpose of catching a glimpse of respondent's child, their automobile would be followed by one or two motorcycle officers until they were out of town; that at one time they drove by and saw the girl tied by a rope to the back porch; they also testify that they attempted on several occasions to telephone to Mrs. Patterson but that she would invariably hang up the telephone as soon as she recognized the voice of either Mr. or Mrs. Bruegger. Testimony also appears in the record to the effect that when Agnes was placed in the school at El Segundo by the appellant she warned the principal not to permit anyone to see the child except the grandparents. Shortly after one year from December 26, 1925, had elapsed, the appellant here sought the permission of respondent to the adoption of Agnes by herself and her husband, she confessing on the stand to some knowledge of the law concerning abandonment during the time she retained possession of the child. The father refused his permission and the various proceedings were instituted. It should also be added that Mr. and Mrs. Bruegger are financially able to care for the child and there appears no present reason why they are unfit.

■■ It cannot be doubted from the foregoing *résumé* of testimony supporting the judgment that it is amply sufficient, especially when we bear in mind that in order to constitute abandonment there must be an actual intent manifest to sever the parental relationship (*Guardianship of Snowball*, 156 Cal. 240 [104 Pac. 444]), and also that a parent is not obliged to compensate a relative for the voluntary support of his child in the absence of an agreement for compensation. (*Matter of Forrester*, 162 Cal. 493 [123 Pac. 283].) ■■ It should also be noted that it is not the policy of the law to interfere with or discourage the love of offspring but rather to awaken, encourage, and promote parental love and responsibility. (*Guardianship of Michels*, 170 Cal. 339 [149 Pac. 587].) With such object in view it is apparent that the fitness of the parent at the time of the proceeding is and should be the controlling factor.

Having before us these principles of law and humanity, it is obvious that the judgment should not be disturbed. Judgment affirmed.

Works, P. J., and Craig, J., concurred.