[Civ. No. 6661. First Appellate District, Division Two.—May 20, 1929.]

SIMON HARTMAN, Appellant, v. MARGARET MOLLER, Respondent.

Walter E. Dorn and L. W. Lovey for Appellant.

Gottesfeld, Mann & Carmody and Harry Gottesfeld for Respondent.

KOFORD, P. J.—This is an appeal from an order appointing a guardian of the person of Violet Hartman, a minor child nine years of age.

When about six months old her father, the appellant, and her mother were divorced. Her mother was awarded the decree upon the ground of extreme cruelty and she was awarded to the custody of her mother, her father being ordered by the decree to pay a monthly sum for her support. During the years that followed she was left by her mother mostly in the care of her aunt, Margaret Moller, the respondent. Her mother died in May, 1925, and since that time Violet has remained with respondent.

Respondent filed a petition for letters of guardianship in August of the same year. Appellant also filed a similar petition a few days later and the two petitions were heard together. The court made an order appointing respondent guardian without expressly denying appellant's petition for letters. Findings of fact were made in some detail to the effect that it was for the best interests of the minor that respondent be appointed her guardian. There

is no finding, however, that appellant is incompetent nor an unfit and improper person to have the guardianship of his daughter. The facts found upon which the court determined the best interests of the minor fall far short of meaning that the father is not competent to discharge the duties of the guardianship. The law is well settled that a parent is entitled to the guardianship of his child in preference to any other person in the absence of a finding of unfitness or incompetency. (*In re Campbell's Estate,* 130 Cal. 380 [62 Pac. 613]; *In re Salter,* 142 Cal. 412 [76 Pac. 51]; *Matter of Forrester,* 162 Cal. 493 [123 Pac. 283]; *In re Mathews Estate,* 169 Cal. 26 [145 Pac. 503]; *Estate of Akers,* 184 Cal. 514 [194 Pac. 706]; *In re Green,* 192 Cal. 714 [221 Pac. 903].)

The order is, therefore, reversed.

Nourse, J., and Sturtevant, J., concurred.