## BLACK v. MAY.

No. 21679.   Opinion Filed Oct. 13, 1931.

C. C. Wilkins, for plaintiff in error.

J. W. Dixon, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Love county. The plaintiff in error instituted the suit in that court in which she sought an injunction against the defendant in error from taking a minor child, Evelyn Black, from Love county, Okla. Thereafter she filed in that cause an amended petition in the nature of an application for a writ of habeas corpus for the possession of the minor child, Evelyn Black. It does not appear that a writ of habeas corpus was issued and the proceed-

ings shown by the record are defective in other respects. Notwithstanding the defects therein, we have reviewed the record in this case.

That record shows that the trial court heard evidence on the claim of the plaintiff and at the conclusion thereof denied the application for injunction, set aside the temporary restraining order theretofore made, vacated that order, and permitted the defendant to take the minor child, Evelyn Black. Following that order, the defendant took the minor child and returned to her home in St. Louis, Mo.

The testimony taken at the trial shows that the plaintiff and her husband, John D. Black, had three children, Kathlyn, age 15; Maurine, age 13; and Evelyn, age 11. The plaintiff and her husband separated and were divorced. The children were sometimes with their mother and sometimes with their father, and while they were with their father, the father died. The defendant in this case is a sister of the father of the children. After the burial of the father, the plaintiff consented that the child, Evelyn, should go to live with the defendant temporarily. Pursuant to that agreement the defendant took the child to her home in St. Louis, Mo. The mother of the child lives in Texas. After the child had been with the defendant in St. Louis for approximately a year and a half, the plaintiff demanded the return of the child, and pursuant thereto the defendant took the child in an automobile from St. Louis, Mo., to Love county, Okla., for the purpose of delivering the child to the plaintiff. When the defendant reached Love county the child stated that she did not want to go back to her mother. She testified that she wished to remain with her aunt. The defendant acquired information which caused her to think that it was not for the best interest of the child that the child be returned to the mother, and thereupon the defendant refused to deliver the child to its mother and refused to permit its mother to take the child. This litigation resulted.

At the conclusion of the trial the court as a basis for its judgment, among other things, said:

"By the Court: I am exceedingly sorry that the courts of Oklahoma are called upon to pass upon this question—the residence of the plaintiff being in St. Louis, the defendant, I mean, and the plaintiff in Texas. It is between those two courts, and whatever this court does has very little effect upon the permanent rights of this child; regardless of what this court does one way or the other

does very little for permanent relief in this case, the defendant being only here on a visit with the child. If this woman had any permanent home at all, I would give her the child immediately—she has none whatever. How precarious is it, she says the hopes of support is that another man will get a divorce—that a suit has not yet been filed. At this time I would hate to fix it so this child could not eat until the man gets a divorce—the child might go hungry and naked."

The evidence supports the finding of the court. The plaintiff was a resident of the state of Texas. The defendant was a resident of the state of Missouri. The minor child had been living with the defendant in the city of St. Louis for approximately a year and a half prior to the trial. The defendant was willing and able to care for the child, to give it proper clothing and food, and to furnish it with advantages in the way of education, training, and so forth. The plaintiff had two other minor children. She had little, if any, money or property. She testified that she was going to rent an apartment through the assistance of one of her brothers and a man whom she intended to marry. She had no apartment rented, but was only trying to rent one. She said, "I have been trying to rent a home there and rent out a room, or rooms; there is a big ten-room home there I have been trying to get." She said, "I may get me a job." She was planning to marry a man who was separated from his wife and who intended to procure a divorce from his wife and when he had procured the divorce, to marry her and at that time to furnish a home for her and her children.

An order for the custody of a minor child in a habeas corpus proceeding is subject to any future order made in a habeas corpus proceeding. If and when the plaintiff makes provision for a home in which she may care for the minor child in question, she may present an application for a writ of habeas corpus to a proper tribunal and doubtless she will be awarded the custody of this child. From the facts shown by the record in this case, we cannot agree with the contention of the plaintiff that the trial court erred in rendering judgment for the defendant. In determining that question we are not unmindful of the cases cited by the plaintiff in her brief filed in this case. It is not our intention to hold, and we do not hold, that a minor child may be taken from a parent because some other person is better able to care for the child and is willing to do so. We are not confronted with that sort of a case. The defendant in this case had the lawful custody of the child. The child was

placed in her possession by the plaintiff. We are confronted with the question of whether or not we should take that child from the defendant and return it to the plaintiff. This we are not willing to do under the evidence shown in this case.

The rule of law applicable is stated by this court in Bishop v. Benear, 132 Okla. 116, 270 P. 569, the first three paragraphs of the syllabus of which are as follows:

"The parents have by nature, as well as by law, the legal right to the custody of their minor children. This right will always control the judgment of the courts, unless circumstances of great weight and importance connected with the necessary welfare of the child exist to overcome such strict legal right.

"When resolving the question what will best subserve the interest and happiness of a child, its own wishes and choice may be consulted and given weight, if it be of an age and capacity to form a rational judgment. The wishes of children of sufficient capacity should be given especial consideration when their parents have for a long time voluntarily allowed them to live in the family of another.

"Where a parent permits his minor children to live in the family of another, their grandparents, for many years, until the children have formed other ties, and a different direction has been given to their course of life, the courts may properly give weight to the condition of the children's present surroundings and all advantages which a continuance in those surroundings may reasonably be expected to give. (Chapsky v. Wood, 26 Kan. 650.)"

There is nothing in the cases cited by the plaintiff to the contrary.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.