[Civ. No. 10432.   Second Appellate District, Division Two.—October 7, 1935.]

McVICAR–ROOD–BURKETT WELL No. 1, INC. (a Corporation), Respondent, v. CRUDE OIL DRILLING CO., LTD. (a Corporation), Appellant.

E. D. Reiter, Ellis D. Reiter, Walter S. Barrette and Francis M. Reiter for Appellant.

Cree & Brooks for Respondent.

WOOD, J.—Plaintiff corporation entered into a contract with the owners of an oil well which had become idle and unproductive because of mechanical difficulties, whereby it agreed to place the well upon production and thereafter to operate it. The contract provided that plaintiff should receive as its compensation a certain percentage of the proceeds realized from the sale of the products of the well. Plaintiff performed the services promised and commenced this action to recover $6,725.07, the amount claimed to be due under the terms of the contract. The trial court rendered judgment for plaintiff and defendant appeals.

An issue was raised at the trial as to the date on which the well was completed. The point bears importance for the reason that the contract provided for reimbursing plaintiff for "extraordinary production costs" and the trial court allowed plaintiff a certain sum under this heading for work done between May 23, 1934, the date claimed by plaintiff as the date of completion, and July 29, 1934, the date claimed by defendant as the date of completion. The findings on this issue are attacked by appellant, but we find a conflict of testimony on the point with sufficient evidence to support the findings, which must therefore be upheld now.

The defendant asserts that the trial court failed to find upon a material issue and argues that a finding should have been made on "the meaning of that clause as to extraordinary production expense". Conceding, without deciding, that such a finding was necessary, the issue was sufficiently covered by the findings to support the judgment. Finding IV is as follows: "That the plaintiff and cross-defendant, after completing the work of drilling and placing the said well upon production, performed certain reconditioning work therein and thereon whereby the production of the said well was increased." Under the heading "Conclusions of Law" we find this language: "That the work of reconditioning referred to in paragraph IV of the Findings subsequently done by plaintiff and cross-defendant in and upon the said well

constituted extraordinary production costs incurred by the said plaintiff and cross-defendant." A finding may be regarded as one of fact even though mistakenly placed among the conclusions of law. (*Matter of Forrester*, 162 Cal. 493 [123 Pac. 283]; *Collins* v. *Ramish*, 182 Cal. 360 [188 Pac. 550].) There is nothing in the pleadings or in the stipulation of facts by counsel to require more specific findings than those made.

■ To support its argument that the court erred in allowing plaintiff, under the heading "extraordinary production costs", the expenses of reconditioning the well after its completion on May 23, 1934, defendant refers to the testimony of certain witnesses as to a conversation that took place between the parties prior to the execution of the contract. These witnesses testified that Mr. McVicar, acting on behalf of plaintiff corporation, was asked what was meant by the term "extraordinary production costs" and he replied, in substance, the cost of buying a pump, "if they had to put it on a pump, buy pumping equipment or compressor". In reply to another question he stated that the cost would be $4,000 or $5,000. This testimony was not contradicted. Defendant now contends that the court was limited to the items mentioned by Mr. McVicar in fixing the amount of the allowance under the heading under discussion. Plaintiff argues that Mr. McVicar mentioned the pumping and compressor equipment only as illustrations. The witnesses did not testify that Mr. McVicar said that no. other items could be included under the classification of extraordinary production costs. We are of the opinion that the evidence as a whole justifies the ruling of the court.

The judgment is affirmed.

Crail, P. J., and McComb, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.