## BUTTS v. McCRACKEN.

No. 27869. Feb. 8, 1938.

G. A. Fisher, for plaintiff in error.

D. D. Jennings, for defendant in error.

GIBSON, J. By habeas corpus proceedings William Butts sought to obtain possession of his four-year-old son from the boy's maternal grandmother, to whose custody the child had been awarded in a prior habeas corpus proceeding, 15 months before the present action was commenced. The child's mother died when the child was a few days old and the grandmother by agreement with the father took the child and has had custody of him since except for a short period just prior to the present proceeding, when the father "stole" him away. The grandmother regained custody of the boy and the father brought the present action. The grandmother as present custodian pleaded the former habeas corpus proceeding, in which she had been plaintiff, as res adjudicata. The court heard the testimony of the father, grandmother. and other witnesses as well as the reporter's account of the testimony given in the prior proceeding, and found that there was not sufficient evidence of change in condition to prevent the former hearing from being a bar.

For reversal the father admits the otherwise binding effect of the former adjudication, under the rule applied by this court in Jamison v. Gilbert, 38 Okla. 751, 135 P. 342, Wilkerson v. Galbreath. 107 Okla. 227, 232 P. 21. and other cases, but declares the rule has been modified by the conclusion reached in Black v. May, 152 Okla. 160, 4 P. (2d) 17. He also cites the well-recognized rule that the parent's right to the custody of his child are superior to the rights of a third person, even if such third person be a grandparent. See Sherrick v. Butler, 175 Okla. 538, 53 P. (2d) 1097; Brooks v. Preston, 134 Okla. 272, 273 P. 345.

The grandmother relies upon the rule of Wilkerson v. Galbreath. supra, and asserts that, since no materially new facts developed at the hearing, the court rightfully held the former decision of still binding

force and res adjudicata. The judgment of the trial court must be affirmed. The case of Black v. May, supra, does not involve a case where a prior adjudication has been made, but even in that case the mother's application for possession as against an aunt was denied, the court indicating that a material change in conditions would need result before the mother could claim custody.

The testimony at the trial developed that at the former hearing the question of the father's ability, moral character, surroundings, and other pertinent facts had been gone into. No question is raised as to the character of either petitioner, respondent, or members of their families. At the hearing herein the father was shown to be holding the same job, living under the same conditions and earning practically the same as at the former hearing. His earnings were as a matter of fact slightly more per month than formerly, but at the former hearing, when his job was comparatively new, it was testified that he would probably be earning more.

The grandmother was living with her mother and brother. She had been supporting the child without contribution from the father, save for a few clothes furnished by him at one intervening Christmas time. One of her sources of income, money from her former husband, had been stopped, not by legal action but by mere failure of the former husband to remit. It does not appear, however, that that fact alone had in any way affected the child's welfare. The grandmother showed that she had a comfortable home and surroundings. The father testified he would have had to rely on his mother, the child's other grandmother, to care for the boy if custody should be given him. We do not find sufficient evidence from which we may conclude that the trial court erred in finding that there had not been a change in circumstances and conditions materially affecting the child's welfare. Without such evidence the finding of the trial court that the issues and evidence here are substantially the same as upon the former hearing is correct.

The judgment denying the writ is accordingly affirmed.

BAYLESS, V. C. J., and RILEY, CORN, HURST, and DAVISON, JJ., concur. OSBORN, C. J., and WELCH and PHELPS, JJ., absent.