Elva Jane Green appeals from a judgment of the district court of Oklahoma county affirming an order of the county court appointing Elnora Hight guardian of the persons and estates of Charlene Hight and Claudel Hight, minors of the age of 11 and 10 years, respectively.
Appellant is the mother of said children, Claude L. Hight, now deceased, was their father, and Elnora Hight is their stepmother. Their father and mother were divorced in November, 1936, and their custody was, by the divorce decree, awarded to the father. In May, 1937, Claude L. Hight and Elnora Hight were married and they lived together until his death, in March, 1942, and during that time the children were under his custody and control. Hight left some life insurance of which said children are beneficiaries, and he left other property a portion of which they will inherit.
About ten days after the death of Hight, Elnora Hight filed in the county court of Oklahoma county a petition asking that she or a brother of Hight be appointed guardian of the persons and estates of said Charlene Hight, *Page 216 
Claudel Hight, and of Robert Hight, son of Elnora Hight and Claude L. Hight. In the petition she alleged the foregoing facts, and further alleged that she is a suitable person, and Elva Jane Green is an unfit person, to be appointed such guardian.
Notice of hearing said petition was duly served on Elva Jane Green, and she appeared and contested the appointment of a guardian, although she filed no written objections. The county court appointed Elnora Hight guardian of the persons and estates of said minors. The order does not contain an express finding that Elva Jane Green was an unfit person to be appointed such guardian. Elva Jane Green appealed to the district court. She filed no pleadings in the district court. At the trial in the district court, Elnora Hight introduced evidence tending to establish the allegations of her petition, including evidence as to her fitness and evidence as to the unfitness of Elva Jane Green to serve as such guardian. Elva Jane Green did not testify, nor did she introduce any evidence. She did ask the court to talk with the children as to their desires in the matter. This the court agreed to do, but the record is silent as to whether he did so. We assume he did. The district court made findings of facts and conclusions of law and entered a judgment affirming the order of the county court. It specifically found that the evidence was not sufficient to establish that Elva Jane Green "is an unsuitable person to be appointed" general guardian of said children, but that, by making default in pleading and by not asking that she be appointed, she waived her preference right to the appointment, and that Elnora Hight, as next in order of preference, is a suitable person to be appointed.
1. The appeal to this court was made by "Elva Jane Green and Claudel Hight and Charlene Hight, infants, by Elva Jane Green, their mother and next friend, plaintiffs in error." The appellee urges that this court is without jurisdiction and that the appeal should be dismissed.
While conceding that Elva Jane Green is a party aggrieved by the order appealed from, appellee contends that since she filed no pleading in the county court, she was "in default" under 58 O. S. 1941 § 722 and could not appeal without making the affidavit showing her interest and right to appeal as provided in 58 O. S. 1941 § 723. But the order of the county court recites that she appeared by attorneys and contested the petition and excepted to the order of appointment. The word "default" is defined in Bouvier's Law Dictionary as " the nonappearance of a plaintiff or defendant at court within the time prescribed by law to prosecute his claim or make his defense." She was not, therefore, in default. Her failure to file any pleadings narrowed the issues, but we believe the effect of her contest was to place on Elnora Hight the burden of showing the necessity or advisability of appointing a guardian and that she or the brother of decedent was qualified to be appointed.
Appellee also urges that the appeal bond was made to Elnora Hight instead of the State of Oklahoma as renuired by 58 O. S. 1941 § 730. But the bond as it appears in the record has the name of Elnora Hight scratched out and the State of Oklahoma is inserted as obligee. The record is silent as to how or by what authority the bond, which is styled "amended appeal bond," was amended. We must assume that it was properly amended. See Harjo v. Aubrey, 184 Okla. 144. 87 P.2d 140. The motion to dismiss the appeal filed in the district court was overruled, and we assume the court found that the amended bond was filed with permission of the court.
Since the appeal by Elva Jane Green was properly lodged in the district court, and she has properly appealed to this court, we need not notice the contention that the minors could or could not appeal or that they did not appeal properly.
We conclude that there is no substantial motif in the affirmative contention *Page 217 
of appellee that the appeal should be dismissed.
2. On the merits, we think there are three principal questions for decision, (a) whether the petition gave the county court jurisdiction to entertain the cause and appoint a guardian for said children, (b) whether the court properly appointed the stepmother guardian of their estates, and (c) whether the court properly appointed the stepmother guardian of their persons.
(a) Under 58 O. S. 1941 § 761, a guardian of the person and estate, or either, of a minor, who is an inhabitant or resident of the county, or who resides without the state and has estate within the county, may be appointed on the petition of "a relative or other person" in behalf of such minor. Petitioner is a relative by marriage of said children. She is a "relative or other person," who, under the broad terms of said statute, had the right to initiate the proceedings. Her petition stated facts making it "necessary or convenient" that a guardian be appointed for the estates of said children, and the allegation that their natural mother was unfit to serve as such guardian was sufficient to invoke the jurisdiction of the county court to appoint a guardian of their persons.
(b) Did the county court properly appoint a guardian of the estates of said children? We think so.
Said children had an interest in the life insurance money due on the death of their father, and they had an interest in his estate. Our statutes provide: "The parent, as such, has no control over the property of the child." 10 O. S. 1941 § 8. "No person, whether a parent or otherwise, has any power as a guardian of property, except by appointment as hereinafter provided." 30 O. S. 1941 § 7. These sections are declaratory of the common law. Seal v. Banes, 168 Okla. 550, 35 P.2d 704; 46 C. J. 1314, § 138; 25 Am. Jur. 13, § 10; 6 A. L. R. 115, note. It was, therefore, "necessary or convenient" that a guardian of the estates of said minors be appointed in order to collect and manage their share of the insurance and their share of the estate. By not asserting her preference right, Elva Jane Green waived the right to now insist that she should have been appointed, and in her brief she admits that this is the case. She does not argue that Elnora Hight was unfit to be appointed, but contends that she is disqualified from acting as such guardian by reason of the fact that she is the duly qualified and acting administratrix of the estate of Claude L. Hight. She calls our attention to no Oklahoma statute or decision that supports such contention, and we know of none. She relies upon 28 C. J. 1081 and 25 Am. Jur. 28, § 34, which state that it is ordinarily not the best policy to appoint an executor or administrator guardian of infant heirs because of the possible conflict of interest. At most this is merely a rule of expediency. No conflict of interest is shown to actually exist in this case so as to justify a finding by this court that it is not for the best interest of said minors to appoint the administratrix as such guardian. The parties call our attention to 30 O. S. 1941 § 11, which provides that in appointing a general guardian, the court is to give consideration to "what appears to be to the best interests of the child in respect to its temporal and its mental and moral welfare." They also call our attention to 30 O. S. 1941 § 12, that "of two persons equally entitled to the custody in other respects, preference is to be given as follows: 1. To parent. 2. To one who was indicated by the wishes of a deceased parent. 3. To one who already stands in the position of a trustee of a fund to be applied to the child's support. 4. To a relative." Section 12 has to do with the custory of children, not with guardianship of their estates only. Since no one else asked for the appointment, we think no error was committed in appointing Elnora Hight guardian of the estates. She was a relative by marriage, whether she was or was not, as administratrix, trustee of a fund belonging to said minors under the statute just quoted, and we cannot say that it was not *Page 218 
for the best interests of said minors that she be appointed guardian of their estates.
(c) Did the court properly appoint Elnora Hight guardian of the persons of said minors? We think not.
The order appointing Elnora Hight as such guardian is silent on the question of custody of said minors, and the court did not add any conditions to the authority of the guardian in that respect as he could have done under 30 O. S. 1941 §§ 10, 14, and 58 O. S. 1941 § 770. The effect of the order is to terminate the right of the natural mother to the custody of said children and to vest such right in the stepmother. 10 O. S. 1941 § 10; 30 O. S. 1941 §§ 14, 15. The question, then, is whether the record justifies such a drastic step.
The parents are, under our statutes, the natural guardians of the persons of their minor children (10 O. S. 1941 § 5), and this was true at common law. 28 C. J. 1079; 25 Am. Jur. 25; Campbell v. Wright, 130 Cal. 380, 62 P. 613. As such natural guardians, the parents ordinarily have the right to the custody, control, care, services and earnings of their children. 10 O. S. 1941 § 5. It is their duty to support and educate their children (10 O. S. 1941 § 4) and they are liable to third persons for necessities furnished their children when they neglect to provide the children with necessities. 10 O. S. 1941 § 13. These rights and duties of the parents are reciprocal. 46 C. J. 1220; 39 Am. Jur. 594.
We are committed to the rule that in order to deprive a parent of the custody of a minor child the evidence must clearly establish the unfitness of the parent and that the welfare of the child requires it. Breckenridge v. Breckenridge,103 Okla. 261, 229 P. 774; Black v. May, 152 Okla. 160,4 P.2d 17; Sherrick v. Butler, 175 Okla. 538, 53 P.2d 1097; Scroggin v. Griffin, 185 Okla. 456, 94 P.2d 244.
In awarding custody and appointing guardians of children, the welfare of the children is paramount to the claims of the parents. 30 O. S. 1941 § 11; Ex parte Shull, 127 Okla. 253,260 P. 775; Freeman v. Freeman, 190 Okla. 74, 120 P.2d 627; Holdeman v. Holdeman, 191 Okla. 309, 129 P.2d 585; 3 C. J. 990; 28 C. J. 1111; 25 Am. Jur. 24, § 27.
Ordinarily, when a parent who has the custody of minor children dies, the other parent becomes entitled to its custody. 46 C. J. 1224. And this rule applies where the parent to whom the custody of minor children has been committed in a divorce action dies, unless it is clearly shown that the surviving parent is unfit to have its custody and the welfare of the children forbids it. 19 C. J. 349; 17 Am. Jur. 524, § 689; 74 A. L. R. 1352, note.
Elnora Hight testified that a few months before the death of Hight he stated to her that if anything should happen to him he wanted her to care for the children and he did not want Elva Jane Green to have their custody. We do not understand that she contends that this conversation did more than to give her a certain preference right to be appointed guardian as provided in 30 O. S. 1941 § 12, above. The general rule is that neither parent has the right to give the custody of minor children to a third party so as to deprive the other parent of such custody, unless the statute so provides. 46 C. J. 1234; 17 Am. Jur. 524, § 689. We do not believe 10 O. S. 1941 § 5 gives such right in the instant case and thereby enables the father to control their custody after his death. In fact, the last sentence of that section gives the natural mother the right to the custody, services, and earnings of her minor children on the death of their father.
The general rule is that a third person cannot secure the appointment of a guardian of the persons of minor children who have a living parent unless the parent consents to the appointment, is unfit to be appointed, or has forfeited the right to be appointed. 28 C. J. 1065; 39 C.J.S. 17; Bancroft, Probate Practice, § 1299; In re Salter, 142 Cal. 412, 76 P. 51. *Page 219 
Bearing in mind these statutory provisions and rules of law, we are of the opinion that it was error for the county court to appoint the stepmother guardian of the persons of said children, over the protest of their natural mother, and thus deprive her of their custody. As above stated, neither the county court nor the district court found that the natural mother was unfit to have the custody of said children, and we cannot say that the evidence is sufficient to satisfy the foregoing rules as to the showing necessary to deprive the natural mother of their custody. In saying this, we are mindful of the fact that the failure of the natural mother to testify in her own behalf is a circumstance against her. It may be that the lower courts were more concerned with the guardianship of the estates, and gave little thought to the fact that, under the order now under review, the natural mother was being deprived of the right to the custody of the children.
The judgment of the district court is affirmed in so far as it sustains the order appointing Elnora Hight guardian of the estates of said minors, but it is reversed in so far as it appoints her guardian of their persons. The cause is remanded for further proceedings not inconsistent with the views herein expressed. The costs are equally divided between the parties.
CORN, C. J., GIBSON, V. C. J., and BAYLESS and WELCH, JJ., concur. RILEY, J., concurs specially. ARNOLD, J., dissents. OSBORN and DAVISON, JJ., absent.