These proceedings were instituted in the county court of Oklahoma county by Elnora Hight, who sought appointment as guardian for the persons and estates of Charlene and Claudel Hight, minors, age 11 and 10, respectively. The natural mother, Elva Jane Green, appeared throughout the proceedings and resisted the necessity of a guardian. The minors' estates, limited in value, were sought to be conserved, and by statute (30 O. S. 1941 § 7), it is provided:
"No person, whether a parent or otherwise, has any power as a guardian of property, except by appointment as hereinafter provided."
The pleading and proof was sufficient to establish jurisdiction based upon necessity and convenience for the appointment of a guardian. (58 O. S. 1941 § 761.)
The petition alleged that the natural mother was not a fit person to be appointed guardian. However, the court found:
"There was some evidence in respect of the unfitness of Elva Jane Green to be appointed guardian of the minors, but such evidence was not sufficient for the court to find, and the court does not find, that she is an unsuitable person to be their general guardian."
The district court affirmed the decree of the county court and confirmed the appointment of Elnora Hight to be general guardian of the minors and each of them, to the exclusion of the natural mother, who in her own name and as next of friend of the minors appeals.
As disclosed by the special finding of fact:
"The minors are the children of Claude L. Hight, now deceased, and Elva Jane Hight, his former wife, now Elva Jane Green, and are 11 and 10 years old, respectively. In 1936, Claude L. Hight obtained a divorce from his then wife, Elva Jane Hight, in the district court of Pontotoc county, Oklahoma, and was by the court awarded the custody of these minors then 5 and 4 years of age. Some six months after that divorce decree, he married Elnora Hight, petitioner and appellee herein, and she has had the care of the minors in their home until his death on March 8, 1942. Since his death the children have been part of the time with her and part of the time with Elva Jane Green.
"About two months prior to his death, Claude L. Hight said that he did not want Elva Jane Green ever to have the custody of these children and named Elnora Hight as the person he wanted to have them in event of his death. *Page 220 
"Claude L. Hight left estate of substantial, but undetermined, value in which these minors inherit one-sixth each. He also carried an insurance policy payable to his children, from which each will receive $500.00, and by operation of law they will also share in certain social security payments accruing on his death. The insurance company which issued the insurance policy referred to, is ready to pay the same as soon as a guardian for the minors is appointed to receive it.
"The estate of Claude L. Hight is being probated in the county court of Oklahoma county and Elnora Hight is the duly appointed and qualified administratrix of his estate.
"Elnora Hight, as stepmother of these minors, has treated them properly and given them proper care during the years she has had them in charge and is a suitable person to be appointed their general guardian."
The issue determinative of this appeal is whether, in view of the trial court's failure to find that the natural mother was neither a disqualified nor an unsuitable person to be appointed general guardian, she waived her preferential right to the appointment as provided by statute (58 O. S. 1941 § 769). The statute in part reads:
"Either the father or mother, whether married or unmarried, of the minor, being himself or herself competent to transact his or her own business, and not otherwise unsuitable or disqualified under existing law, shall be entitled to the guardianship of the minor; . . ."
The general rule is stated in 39 C.J.S. § 25:
"One who seeks to have a person other than a parent appointed guardian has the burden of proving that the parent is not suitable for appointment. . . ."
A decree of divorce and the award of custody of children to the father does not preclude the mother's appointment as guardian upon the father's death. In re Bryan, 48 Nev. 352,232 P. 776, 37 A.L.R. 527, 25 Am. Jur. 12, par. 7 note.
The present fitness of such a parent is of paramount importance. Wilson et ux. v. Mitchell, 48 Colo. 454, 111 P. 21.
In the case of Breckenridge v. Breckenridge et al.,103 Okla. 261, 229 P. 774, it was said in paragraph 4 of the syllabus:
"The appointment of a guardian by a county court is not conclusive as against the parents' right as to the custody of their child, unless it appears that they had notice of the proceedings, and that the question of their incompetency and suitability was adjudicated."
In Guardianship of Bruegger, 94 Cal.App. 589, 271 P. 523, it was said:
"It being the policy of the law to awaken, encourage, and promote parental love and responsibility, rather than to interfere with, or discourage, love of offspring, fitness of parent for custody of minor child at time of guardianship proceeding by another is controlling factor."
In Taylor v. Taylor, 182 Okla. 11, 75 P.2d 1132, we held:
"The right of a parent to the custody of a minor child is of great importance in awarding its custody, but it is not an absolute right, and is qualified by considerations affecting the welfare of the child."
Under 30 O. S. 1941 § 12, it is provided that:
"Of two persons equally entitled to the custody in other respects, preference is to be given as follows:
"1. To a parent.
"2. To one who was indicated by the wishes of a deceased parent.
"3. To one who already stands in the position of a trustee of a fund to be applied to the child's support.
"4. To a relative."
It is contended that the natural mother's preference right may be, and was in the case at bar, waived. Without doubt, such a preference right may be waived in writing or by a written request for appointment of another. Parker et al. v. Lewis,45 Okla. 807, 147 P. 310; Crosbie et al. v. Brewer et al.,68 Okla. 16, 158 P. 388. But there was no such writing or request in the case at bar. *Page 221 
It is contended, in addition thereto, that there may be an implied waiver on the part of one having preferential right to the appointment either in failure to appear in response to a notice for the appointment of another as such guardian or, after appearing, by failure to make claim by proper pleading to the appointment. It may be that where a parent, as here, is alleged by the petition to be an unfit person to be appointed guardian, the failure of such a parent to appear after proper service of notice would authorize the appointment of a stranger (28 C. J. 1082), but such is not the fact in the present case. Here the mother did appear, objected to the appointment of the guardian, and the particular ground expressing the view of the trial court that she waived her preferential right to appointment was "that Elva Jane Green, by making default in pleading and not asking for her appointment as their general guardian, has waived her preference right as their mother to such appointment."
There was no default on the part of the natural mother. The statute does not fix a time or require any pleading on the part of a parent so appearing. In practice, default is a failure to appear on trial or to plead within the time allowed for that purpose. 11 Words and Phrases, p. 532. There is no time fixed by our statute within which a parent must plead for appointment as guardian of his child. The statute protects the right.
While the statute (58 O. S. 1941 § 709) contemplates that in cases, particularly in adversary proceedings, filed in the county court, there may be issues of fact to be joined and that such issues of fact are to be "made up by the written pleadings on file," and the court may in the proper case "settle and frame the issues to be tried," and while in a probate proceeding, as provided by statute for the appointment of a guardian, to which the power has very largely been transferred from the jurisdiction of chancery (25 Am. Jur. 21, par. 23), an answer is an accepted form and recognized pleading to raise an issue as to the fitness of a parent to assume appointment as guardian (In re Hawkins, 183 Cal. 568, 192 P. 30), nevertheless it is always to be presumed that a parent is a suitable person to be appointed guardian of his child, in the absence of any affirmative showing to the contrary. 28 C. S. 1086; Harper v. Tipple, 21 Ariz. 41, 184 P. 1005; In re Akers' Guardianship,184 Cal. 514, 194 P. 706; In re Forrester, 162 Cal. 493,123 P. 283; In re Crocheron's Estate, 16 Idaho, 441, 101 P. 741, 33 L.R.A. (N.S.) 868; Watts v. Lively (Tex. Civ. App.) 60 S.W. 676; and one who seeks to have a person other than a parent appointed guardian has the burden of proving that the parent is not suitable for appointment. Harper v. Tipple, supra; In re Akers' Guardianship, supra.
Herein it was the view of the petitioner that since Elva Jane Green did not, by pleading, put in issue the question of her qualification and suitability, there was no justification or excuse for the petitioner to do so, and it is suggested in the brief that petitioner would, if necessary, assume the burden.
The cause should be reversed and remanded, with directions to proceed not inconsistent with the views herein expressed.