GROSE et vir v. ROMERO.

No. 33319.   May 18, 1948.

*193 P. 2d 1014.*

F. H. Reily, Joe H. Reily, and J. W. Spurr, all of Shawnee, and Cecil Chamberlin and Kelly & Townsend, all of Frederick, for plaintiffs in error.

Wilson & Wilson, of Frederick, for defendant in error.

LUTTRELL, J.   On July 16, 1947, petitioner, Venita Romero, filed in the county court of Tillman county her petition for a writ of habeas corpus, alleging that she was the mother of Dorothy Faye Wood and Larry Wood, minors aged eight and six years, respectively, whose father was dead; that

respondent Fannie Grose unlawfully and forcibly detained said children in her custody contrary to the wishes of the children and petitioner; that respondent was allowed to keep said children by petitioner's husband while petitioner was in ill health and confined in the hospital; that petitioner has regained her health, has remarried, and that she and her husband are able and willing to provide a home for her children. She prays for the custody of the children.

The county court issued a writ of habeas corpus to respondent Fannie Grose and Alfred Grose, her husband, who, on July 17, 1947, filed a return to the writ, alleging that the children were placed in their care and custody by the petitioner and her husband on or about June 23, 1942, and had been cared for and nurtured by the respondents ever since; that the father was killed while in the military services of the United States in November, 1944; that respondent Fannie Grose was thereafter duly and legally appointed guardian of the person and estate of said minors by the county court of Tillman county, and was still their guardian and therefore entitled to their care and custody, and that it was for the best interest and welfare of said minors that they remain in the custody of respondents.

On the same day respondents filed a motion to dismiss the petition and proceeding on the ground that the county court had no jurisdiction of the proceeding; that it had no jurisdiction of the parties, and that respondent Fannie Grose, as the duly appointed, qualified and acting guardian of the minors, was entitled to their custody.

The trial court heard evidence on the motion to dismiss and denied the motion, to which respondents excepted. The court then heard the evidence of both parties and awarded petitioner the custody of said minors, to which judgment respondents excepted and gave notice of appeal. The trial court denied respondents the right to supersede the judgment; overruled a motion for new trial and a motion to vacate and set aside the judgment, and respondents appeal.

The sole question presented is whether the county court of Tillman county was vested with jurisdiction and power to issue the writ, and to determine the rights of the parties to the custody of the children in a habeas corpus proceeding. It is conceded that respondent Fannie Grose was appointed by the county court of Tillman county as guardian of said minors on May 23, 1945, without notice to petitioner, who was then confined in the Indian hospital at Shawnee, Oklahoma, suffering from tuberculosis, and that no notice was served upon petitioner of the hearing at which the guardian was appointed, but that she learned of the appointment within a month thereafter, when the guardian took the children to Shawnee to see her.

Respondents contend that the county court did not have jurisdiction to entertain the petition or issue the writ for the reason that the jurisdiction of the county court to issue the writ of habeas corpus, by article 7, sec. 12, of the Constitution, is expressly limited to cases "where the offense charged is within the jurisdiction of the county court or any other court or tribunal inferior to said court."

This contention must be sustained. While county courts are courts of general jurisdiction in matters of probate, this proceeding is not an application to the court to exercise probate jurisdiction. It invoked the jurisdiction of the county court involving civil actions as distinguished from probate matters, and it is well settled that the jurisdiction of the county court in civil proceedings is only that granted by article 7, sec. 12, supra, and acts of the Legislature in harmony with that section. In re Johnson, 72 Okla. 174, 179 P. 605; Ozark Oil Co. v. Berryhill, 43 Okla. 523, 143 P. 173; Crump v. Pitchford, 24 Okla. 808, 104 P. 911. Our statutes

do not confer any additional jurisdiction upon the county court in the granting of writs of habeas corpus, but 12 O.S. 1941 §1333 provides that:

"Writs of habeas corpus may be granted by any court of record in term time, or by a judge of any such court, either in term or vacation; and upon application the writ shall be granted without delay."

Ordinarily the word "offense" is synonymous with "crime". Words and Phrases, Perm. Ed., vol. 29, p. 217. It is so used in art. 7, sec. 12, of our Constitution, and confers upon the county court jurisdiction to issue writs of habeas corpus only in those criminal cases of which, by said section, the county court is given jurisdiction. Jurisdiction to issue writs of habeas corpus generally is conferred upon the district court by article 7, sec. 10, and upon the Supreme Court or any Justice thereof by article 7, sec. 2. The limitation upon county courts in article 7, sec. 12, hereinabove quoted, excludes jurisdiction or power to issue writs of habeas corpus in any case other than criminal cases involving misdemeanors, and that jurisdiction or power may not be extended or enlarged by the Legislature or by this court.

Petitioner in this court urges that the county court, having exclusive authority in guardianship matters and in the disposition and management of the person and property of minors, certainly has jurisdiction to pass upon the question of custody of the minors, and may do so by writ of habeas corpus. We concede that the county court is vested with jurisdiction to pass upon the question of the custody of minors, but only when that jurisdiction is invoked in a proper probate proceeding. By 30 O.S. 1941 §18, the county court is authorized to remove a guardian on the ground, among others, "when it is no longer proper that the ward should be under guardianship".

In Re Guardianship of Hight, 194 Okla. 214, 148 P. 2d 475, we said:

"We are committed to the rule that in order to deprive a parent of the custody of a minor child, the evidence must clearly establish the unfitness of the parent and that the welfare of the child requires it. Breckenridge v. Breckenridge, 103 Okla. 261, 229 P. 774; Black v. May, 152 Okla. 160, 4 P. 2d 17; Sherrick v. Butler, 175 Okla. 538, 53 P. 2d 1097; Scroggin v. Griffin, 185 Okla. 456, 94 P. 2d 244."

Under the above statute and decisions, upon an application made in the guardianship proceeding to terminate the guardianship of the person, and a showing that petitioner had recovered from the physical disability under which she labored, she would be entitled to the custody of the children, unless it was clearly established that she was unfit, or that the change of custody was inimical to the welfare of the minors. But respondents could not be deprived of the custody of the minors by habeas corpus proceedings in the county court because of the constitutional limitation above quoted. The county court erred in overruling the motion to dismiss.

Reversed, with directions to dismiss the proceeding.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, GIBSON, and ARNOLD, JJ., concur. RILEY, WELCH, and CORN, JJ., dissent.

———

WELCH, J. (dissenting). It is my view that the trial court considered the petition of Venita Romero not so much as in strict habeas corpus, but more as presenting only her claim and rights as against the former order of the trial court in appointing respondent Fannie Grose as guardian of the person of petitioner's children.

In Breckenridge v. Breckenridge, 103 Okla. 261, 229 P. 774, this court held in the 4th paragraph of the syllabus:

"The appointment of a guardian by a county court is not conclusive as

against the parents' right as to the custody of their child, unless it appears that they had notice of the proceedings, and that the question of their incompetency and suitability was adjudicated."

The trial court found that the purported guardianship proceeding was insufficient to permanently deprive this petitioner of the custody of her children, and was wholly ineffective for that purpose.

It is my view that the conclusion reached by the trial judge was correct. I therefore believe that we should construe the action of the trial judge as in effect vacating the order appointing the guardian of person of the children, and not, strictly speaking, a determination of petitioner's rights by habeas corpus.

The county court has general supervision over guardians therein appointed, and jurisdiction to control guardians in the management and disposition of the person of the ward. See 30 O.S. 1941 §§10, 14, and 58 O.S. 1941 §770. So that the custody of these children by the guardian was subject to the trial court's supervision and control and was therefore in effect a custody of the children by the trial court or in the jurisdiction of that court.

In view of the importance of the matter involved, and the definite, if not indisputable, right of petitioner to have custody of her children as against any right of the respondent claiming under the guardianship appointment, I would treat the proceeding as an attack upon the guardianship appointment, and the determination thereof as meriting approval wherever it is properly subject to review.

I think when the county court has assumed control of the custody of a minor by appointing a guardian of the person of the minor, that the same court may in a proper case terminate the guardianship of the person and direct the guardian to return the minor to its mother. The order here was to that effect as well as to the effect of vacating the guardianship as to the person of the minor.

The authority of the county court over the custody of a minor in guardianship was fully recognized in the opinion of this court in Green v. Hite, 194 Okla. 214, 148 P. 2d 475.

Plaintiff in error lays stress on the contention against the authority of the county court generally to issue writs of habeas corpus. Such writs may be issued in proper cases by any court of record. 12 O.S. 1941 §1333. The county courts are courts of record. Bird v. Palmer, 152 Okla. 7, 3 P. 2d 894.

This court has stated that county courts and judges thereof have jurisdiction in habeas corpus. Ex parte Gonshor, 113 Okla. 101, 239 P. 249. And the Criminal Court of Appeals of this state has stated the same in Ex parte Johnson, 1 Okla. Cr. 414, 98 P. 461, and State ex rel. Webster v. Caldwell, 84 Okla. Cr. 334, 181 P. 2d 843, but I see no necessity in this case to determine generally whether the county courts may or may not issue writs of habeas corpus, or to set out the limitations of such authority.

While in this case the guardian was required to bring the minors into court by process captioned as a writ of habeas corpus, the same result could have been obtained by a mere order of the county court directing the guardian to bring the children into court, and no more than that was accomplished by the purported writ of habeas corpus.