1998 OK CIV APP 177

**In the Matter of the GUARDIANSHIP OF S.J.L., a minor.**

**Byron D. Gore, Appellee,**

v.

**David Leslie Lloyd and Debora Erlene Lloyd, Appellants.**

**No. 91,144.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 10, 1998.

Ronald L. Wesner, Wesner & Wesner, Cordell, Oklahoma, for Appellee.

Ronald Phelps, Ronald Phelps Law Office, Inc., Kingfisher, Oklahoma, for Appellants.

STUBBLEFIELD, P.J.

¶1 This is an appeal from an order denying a motion to quash and motion to dismiss for lack of jurisdiction and appointing a guardian of a minor child. Based on our review of the record on appeal and applicable law, we vacate the order.

¶2 The facts of this case are complicated but involve the custody and guardianship of the minor child, S.J.L. The record indicates that the minor child resided in Custer County. On February 17, 1998, the child's father, Richard Lloyd, may have killed the child's mother, Patsy Jo Lloyd.[1] On that date, he brought the child to the home of his brother, David Lloyd, in Blaine County and purportedly gave instructions for David and his wife, Debora, to raise the child.

¶3 The record is not clear how it was initiated but a deprived child action, No. JF–98–6, was filed in Blaine County. Apparently, custody of the child was placed with Department of Human Services (DHS), with placement continuing with David and Debora Lloyd.

¶4 The maternal grandparents of S.J.L., Byron D. Gore and Margaret Gore (Grandparents), were allowed to take the child to their Washita County home sometime about a week later. Debora Lloyd testified that Grandparents requested weekend visitation, for which she had gotten approval from a Blaine County DHS worker. Grandparents testified that the child was merely turned over to them by the Lloyds. Doubt is cast on that contention by the subsequent Blaine County filing by the Lloyds on March 10, 1998, of a Petition for Writ of Habeas Corpus seeking the return of the child. The Lloyds had filed, one day earlier—also in Blaine County—a Petition for Adoption of the minor child.

¶5 Grandparents participated to some extent in the deprived child proceedings in Blaine County, with the Blaine County court apparently allowing the child to remain in the care of Grandparents. A hearing was set for March 18. Grandparents also were told about the Blaine County petition for adoption, although they were not officially served with notice. Notwithstanding this knowledge, on March 19, 1998, Byron D. Gore filed a petition in the county of his residence, Washita County, seeking his appointment as guardian of the person and estate of the minor child. He alleged that the mother of the child was deceased and the child resided with him. He identified the natural father, Richard Lloyd, and Margaret Gore, the maternal grandmother, as the only persons entitled to notice. He made absolutely no disclosure of the pending matters in Blaine County.

¶6 David and Debora Lloyd filed a special appearance in the Washita County proceeding, seeking to dismiss the action. They set forth the facts regarding the placement of custody with them by the natural father and the "deprived child," adoption and habeas corpus actions pending in Blaine County. They also set forth their allegations that Grandparents obtained possession of the child under the pretense of a weekend visitation.

¶7 A hearing was had on the matter of jurisdiction. The trial court found that Grandparents had not used fraud and deceit to obtain "custody" of the child and ruled that it had jurisdiction because no other court had entered a "dispositive order." Thereafter, the Lloyds stood mute during the remaining proceedings in order to avoid waiving their objections to the jurisdiction of District Court of Washita County in the action.

¶8 The trial court heard testimony and then appointed the paternal grandfather guardian of the minor child. The Lloyds appeal.

¶9 The Lloyds list four propositions of error. However, two of these propositions

---

1. At the time of these proceedings, he was incarcerated and charged with the murder.

present a threshold issue regarding the authority of the District Court of Washita County to act in this case. Indeed, we find the dispositive issues to be whether the District Court of Washita County had jurisdiction to entertain the petition for appointment of guardian, and correctly exercised its jurisdictional authority. The Uniform Child Custody Jurisdiction Act, 43 O.S.1991 and Supp. 1997 §§ 501–527 (UCCJA),[2] cited by the Lloyds, enunciates in section 504(3) that a "Custody proceeding" is any proceeding in which "a custody determination is one of several issues," including "child neglect or dependency proceedings." *See* Matter of C.O., 1993 OK CIV APP 64, 856 P.2d 290, *cert. denied.*

¶ 10    Section 511 of the Act instructs that:

A.    Every party in a custody proceeding in his *first pleading* or in *an affidavit attached to that pleading* shall give information under oath as to the child's present address, the places where the child has lived within the last five (5) years, and the names and present addresses of the persons with whom the child has lived during that period. In this pleading or affidavit every party shall further declare under oath whether:

1.    He has participated, as a party, witness, or in any other capacity, in any other litigation concerning the custody of the same child in this or any other state;

2.    He has information of any custody proceeding concerning the child pending in a court of this or any other state; and

3.    He knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or

visitation rights with respect to the child. (Emphasis added.)

While the date of commencement of the Blaine County "deprived child" case, No. JF–98–6, is not of evidence in the record, it is apparent that the case was filed well before this guardianship action, Grandparents participated in those proceedings, and the District Court of Washita County had knowledge of this fact.

¶ 11    Title 10 O.S. Supp.1997 § 7002–1.1 (emphasis added) (footnote added), provides:

A.    1.    Upon the filing of a petition, or upon the assumption of custody pursuant to the provisions of [10 O.S. Supp.1997 §§ 7003–1.1—7003–8.7][3] the district court of the county in which an alleged deprived child:

a.    resides,

b.    is found, or

c.    where the alleged acts of deprivation occurred,

*shall have jurisdiction* of any child who is or is alleged to be deprived, shall have jurisdiction of the parent, guardian, custodian, legal guardian or stepparent of said child, regardless of where the parent, guardian, custodian, legal guardian or stepparent is found and shall have jurisdiction of any other adult person living in the home of such child.

. . . .

3.    For the convenience of the parties and in the interest of justice, a proceeding under this chapter may be transferred to the district court in any other county.

4.    When it is in the best interests of the child, the court shall transfer a pro-

---

**2.**    Although the UCCJA is more appropriately applicable to making a determination as to which *state* has jurisdiction and falls under the broad rubric, "Marriage and Family," it is instructive as to the definition of "custody proceedings" and fixes pleading requirements for any such proceeding. However, that Act does not establish in which county venue rests in a custody proceeding.

**3.**    The legislature enacted statutes and amended and renumbered others relating to "Custody and Court Proceedings," Laws 1995, ch. 352, §§ 9–

46 and 199, eff. July 1, 1995, as reflected in Article III of the "Oklahoma Children's Code," Laws 1995, ch. 352, §§ 1–69, eff. July 1, 1995, codified at 10 O.S. Supp.1995 §§ 7001–1.1 through 7006–1.5. Many of the statutory provisions found under the heading, "Delinquent, Dependent and Neglected Children," were renumbered to be included in the Code. Subsequent amendments are found at 10 O.S. Supp.1997 §§ 7001–1.1 through 7006–1.5.

ceeding under this chapter to the district court in another county.

It was not disputed that the "deprived child" proceeding in Blaine County was pending at the time Grandparents took the child from the Lloyds' home. Thus, section 7002–1.1(A) makes it clear that the District Court of Blaine County had jurisdiction in the action unless and until it made a determination as to whether jurisdiction might or should be transferred to the District Court of Washita County. Importantly, this section sets forth a procedure for the resolution of the issue as to which district court will have and retain jurisdiction should there be a conflict between courts.

¶ 12 Herein, the dispute is between a court having jurisdiction in a "deprived child" action and another district court entertaining a guardianship petition. However, the guardianship statutes also provide for resolution of conflicts between different courts exercising jurisdiction and provides for agreement and transfer of cases to another court. 30 O.S.1991 § 1–115.

¶ 13 Our review of the various pertinent statutes with regard to jurisdiction in this case convinces us that the District Court of Blaine County had jurisdiction in this matter. When the District Court of Washita County acted in this guardianship dispute, it breached the clear intent of the law that jurisdictional disputes be resolved by competing courts prior to the exercise of jurisdictional authority and that parties not be allowed to forum shop or flee from one venue to another to obtain more favorable treatment. In this regard, courts should be reluctant to exercise jurisdiction where to do so would reward a petitioning party who has intentionally failed to make the disclosures—regarding other pending proceedings—required by the Act.

¶ 14 There is no clear-cut manner in our statutes to resolve the conflict between courts that has arisen in this case. However, because the District Court of Blaine County first exercised jurisdiction in the "deprived child" action and because of the comprehensiveness of the provisions for resolving conflicts in such cases, we conclude that the District Court of Washita County was bound, prior to its exercise of jurisdictional authority, to contact the District Court of Blaine County in an attempt to resolve the jurisdictional conflict. Accordingly, we determine that the subsequent order appointing guardian is invalid.

¶ 15 Thus, we vacate the order and remand the cause to the District Court of Washita County with instructions to confer with the District Court of Blaine County relative to proceedings pending there and for the two courts to consider the appropriateness of each forum for resolution of the issue of the care and custody of the minor child. If agreement cannot be reached, we direct the dispute be resolved by the administrative presiding judge or chief judge, as specified in section 7002–1.1(C).

¶ 16 We do not consider the issues tendered by the Lloyds on the merits of the appointment of guardian. That determination should be based on the best interest of the minor child after all interested parties have had full opportunity to present evidence bearing on this vital issue to the deciding court.

¶ 17 REVERSED AND REMANDED WITH INSTRUCTIONS.

REIF, J., and RAPP, J., concur.