2000 OK CIV APP 134

## In the Matter of the ADOPTION OF A.D.H., a minor child.

Margaret Annette Traywick, and Jay Charles Ramsey, Petitioners/Appellants,

v.

Joseph Hollinger, Respondent/Appellee.

No. 94,463.

Court of Civil Appeals of Oklahoma, Division No. 3.

July 10, 2000.

Certiorari Denied Oct. 10, 2000.

Bill V. Wilkinson, Andrew P. DeCann, Tulsa, OK, Belva Brooks Barber, Poteau, OK, for Appellants.

Gary E. Negen, Wilburton, OK, for Appellee.

## OPINION

HANSEN, Vice-Chief Judge:

¶1 Petitioners, Margaret Annette Traywick and Jay Charles Ramsey (Grandparents), seek review of the trial court's order dismissing their petition to adopt A.D.H., a minor child. We affirm because a guardianship proceeding involving the child was pending in the district court of another county.

¶2 Traywick is A.D.H.'s maternal grandmother and Ramsey is Traywick's husband. After A.D.H.'s mother died of cancer, Grandparents cared for A.D.H. Traywick filed a petition for guardianship in Latimer County. After a trial, that court entered an order memorializing its ruling of November 16, 1999 [1], that Joseph L. Hollinger is A.D.H.'s natural father, his home is a fit and proper home in which to raise a minor child, and A.D.H.'s best interests would be served by awarding custody to Hollinger rather than to Traywick. It denied the guardianship petition and awarded custody to Hollinger.

¶3 On January 11, 2000, Grandparents filed the instant action in LeFlore County seeking to adopt A.D.H. They alleged they had lived in Oklahoma for at least six months and the minor child had "continuously resided with the Petitioners for a time period in excess of two (2) years prior to the filing of the Petition." They also alleged, among other things, the District Court of Latimer County was "presently considering" a petition for guardianship of A.D.H. They alleged the child was "temporarily physically located in Tipton County, Atoka, Tennessee," and the "name of the person claiming to have physical custody of the minor child on the date of the filing of this Petition is Joseph Leroy Hollinger and his address is ... Atoka, Tennessee." Grandparents concurrently filed an application for determination that Hollinger's consent was unnecessary for

---

1. The file-stamped date on the record copy is illegible.

A.D.H.'s adoption, alleging Hollinger (1) "has not and cannot prove he is the father of the minor child," (2) willfully failed to support A.D.H., (3) had abandoned A.D.H., and (4) failed to maintain a significant relationship with A.D.H. for the requisite period.

¶ 4 Hollinger answered, alleging the ruling of the Latimer County court was *res judicata*. He also alleged Grandparents still lived in Latimer County, not LeFlore County, and the child lived in Tennessee. He concurrently moved to dismiss on the grounds of lack of jurisdiction and improper venue. A few days later, he filed another motion to dismiss on the grounds the adoption was barred by *res judicata* and he did not consent to A.D.H.'s adoption. He attached to his motion the petition and order from the Latimer County guardianship proceeding, and a transcript of a January 21, 2000 ruling from the bench on Grandparents' motion to modify or vacate judgment in that case. Grandparents responded to the motion to dismiss, setting forth their statement of facts and attaching the entire transcript of the November 16, 1999, proceeding.

¶ 5 After oral argument on February 23, 2000, the trial court entered its order granting the motion to dismiss on March 2, 2000. It found A.D.H. had been placed in the custody of her father, and stated it had been "advised by the attorneys that the minor child now resides with her father outside the physical boundaries of Oklahoma." The trial court stated it had the impression Grandparents were forum shopping, but it would give them the benefit of the doubt and address the legal issues.

¶ 6 The trial court found two problems with the filing of the adoption petition in LeFlore County. First, it found the child had resided outside Oklahoma in the judicially-placed custody of her judicially-determined natural father since November 16.1999. Therefore the child had not lived in this state for six consecutive months immediately preceding the commencement of the case within the meaning of 10 O.S.Supp.1999 § 7502–1.1(A)(1)(a), and her absence was not temporary. Second, the trial court found

Grandparents' petition failed to comply with 10 O.S.Supp.1998 § 7505–3.1(2) because there is no statement as to when Grandparents intend to acquire custody. It concluded Grandparents were misusing the adoption procedure to seek physical custody of the child.

¶ 7 The trial court's order next addressed the transcript of the January 21, 2000, hearing in the guardianship matter in Latimer County, noting that matter was not concluded because the judge had allowed the parties to reopen their evidence. It found there were two cases pending in two different courts between the same parties with the same attorneys and practically the same issues. Although the relief sought was different, in both matters Grandparents sought custody of A.D.H. to the exclusion of all others.

¶ 8 For these reasons, the trial court concluded it lacked jurisdiction to hear the adoption petition and dismissed the action. Grandparents appeal.

■ ¶ 9 The proceedings below were denominated as an adjudication of a motion to dismiss. Both parties submitted extra-record materials regarding the Latimer County proceeding and, according to the trial court's order, at the hearing agreed A.D.H. had been in Tennessee with Hollinger since November 16, 1999. The trial court in part based its order on this uncontroverted fact, as though the motion had been converted to one for summary judgment under *Shaffer v. Jeffery*, 1996 OK 47, 915 P.2d 910, 914. However, because we affirm based on the pendency of the guardianship action, we need not reach the summary judgment issues.[2] Therefore we will review this matter as a disposition by dismissal and examine the issues *de novo*, taking as true all of the petition's allegations. *Miller v. Miller*, 1998 OK 24, 956 P.2d 887, 894.

■ ¶ 10 The petition alleged the District Court of Latimer County was "presently considering" a petition for guardianship of A.D.H. Pursuant to the Oklahoma Pleading

**2.** We do not decide whether the child's residence outside Oklahoma at the time the petition was

filed prevents an Oklahoma court from exercising jurisdiction.

Code, 12 O.S.1991 § 2012(B)(8), the defense that another action is pending between the same parties for the same claim may be raised by a motion to dismiss. The Oklahoma Adoption Code, 10 O.S.Supp.1999 § 7502–1.1(C) provides a court of this state shall not exercise jurisdiction over an adoption proceeding if another proceeding concerning the child's custody or adoption is pending in another state acting under one of the uniform acts. The Oklahoma Guardianship and Conservatorship Act, 30 O.S.1991 § 1–115(B)(1), provides "[i]f proceedings concerning the same ... minor ... are commenced in more than one court of this state, the court in which a proceeding was first commenced shall continue to hear the matter and determine venue."

¶ 11 The Adoption Code does not specify a resolution when an adoption is filed in one court of the state while a custody proceeding is pending in another court. However, reading the Adoption Code together with the Guardianship Act, we conclude only the court in which the first action was filed has the power to act.[3] Because Grandparents' petition shows a guardianship proceeding is already pending in Latimer County, the District Court of LeFlore County may not exercise jurisdiction to hear Grandparents' adoption petition. Accordingly, the trial court's order dismissing the adoption proceeding is **AFFIRMED.**

¶ 12 ADAMS, J., and JOPLIN, J., concur.

---

**3.** See *In re Guardianship of S.J.L.,* 1998 OK CIV APP 177, 970 P.2d 1193, in which the Court similarly resolved a conflict in jurisdiction between two state courts, one hearing a deprived child action and the other a guardianship action.