In the Matter of the GUARDIANSHIP
of Michelle Anne HATFIELD and
Charlene Lynne Farar, Minors.

No. 43879.

Supreme Court of Oklahoma.

Jan. 25, 1972.

Wm. W. Hood, Jr., Tulsa, for petitioner in error, Patricia Anne Farar Torrence.

Johnson & Fisher, by Ted R. Fisher, Tulsa, for respondent in error, Reba Lane Hatfield.

BARNES, Justice:

Mrs. Reba Lane Hatfield, maternal grandmother of the minors, Charlene Farar and Michelle Hatfield, was appointed their guardian in April, 1965. They were then approximately two and four years old, respectively, and had no income or estate. The minors' mother, Patricia Anne Farar, was not married; and Mrs. Hatfield was appointed upon her own petition, alleging, in substance, that the minors' care and support had been left largely to her and her husband, and that the mother was threatening to leave town with them under circumstances that would not be for the minors' best interests.

Thereafter, in July, 1969, the mother, Patricia, instituted the present action by filing her application, in the guardianship proceedings, to terminate the guardianship and obtain custody of the minors. In her application, she alleged, among other things in substance, that she had married one John Torrence; that she and her said husband had established a good home; that applicant is a fit and proper person to have the minors' custody; that Mrs. Hatfield is not; and that it would be for the minors' best interests that applicant, their natural mother, be vested with their complete care, custody and control.

When a demurrer, which Mrs. Hatfield (hereinafter referred to as "respondent") filed to the application, came on to be heard, the court overruled it on the theory that only by interpreting its allegation of respondent's unfitness to have the minors' custody, as broad enough to allow proof of her "gross immorality" as specified in Ti-

tle 30, O.S.1961, § 18, as the fourth ground for the removal of guardians, could the application be regarded as stating a cause of action for the relief prayed for therein.

When the cause later came on for trial, applicant's attorney proposed, as an "offer of proof," to show (among other things) that due to the changes in his client's situation (referred to in her application) from that which had existed at the time the minors were placed under the grandmother's guardianship, it was (in the words of § 18, supra, par. 8) "no longer proper" that they be under guardianship. The court sustained an objection interposed by respondent to the introduction of such evidence and allowed applicant an exception to such ruling. Thereupon, the applicant rested, and the court entered an order granting her the right to visit the minors every other weekend, on Thanksgiving and Christmas, and during two separate two-week periods in the summer.

■ Thereafter, the applicant lodged the present appeal. Although she and respondent argue other questions, we think the only one really pertinent to the trial court's ruling, and, at the same time, controlling in this appeal, is: Whether or not the trial court erred in rejecting applicant's offer to show that conditions had changed since her mother, the respondent, was appointed the minors' guardian, and that when, by her application, the applicant sought to have the guardianship terminated and her custody of the minors restored, she was then a fit person to have their care and custody, and it was no longer proper for them to be under guardianship.

In support of her position that the trial court did so err, applicant cites 58 O.S. 1961, § 876, as well as 30, § 18, paragraph 8, supra, and certain language in the body of this Court's opinions in Bowling v. Merry, 91 Okl. 176, 217 P. 404, 407, and Grose v. Romero, 200 Okl. 330, 193 P.2d 1014, 1016.

Respondent argues that the two cases cited by applicant are distinguishable on their facts from, and have no application

to, the present case. While portions of this Court's opinions in Bowling and Grose, supra, might be characterized as dicta, the primary importance of Bowling, here, is its recognition of the persuasiveness of California decisions interpreting that State's statutes upon the interpretation of similar statutes in this jurisdiction.

 A review of California decisions shows that the appellate courts of that State have always upheld the termination of a third person's guardianship of minors as being "no longer necessary," under paragraph 8 of its guardian removal statute (Cal.Stats.1931, § 1580) when it is shown that the minors' natural parent or parents are fit persons to have their care and custody, and that such custody would be for their best interests. In this connection, see West Ann.Cal.Codes (Probate), § 1580, p. 639, In re White's Guardian, 84 Cal.App.2d 624, 191 P.2d 466, and In re Case's Guardianship, 57 Cal.App.2d 844, 135 P.2d 681. As to this and related questions, notice also In re Santos' Estates, 185 Cal. 127, 195 P. 1055, and In re Lundberg, 143 Cal. 402, 77 P. 156. We think these decisions reflect a correct view of the meaning of identical wording in this State's Tit. 58, § 876, supra.

We find no merit in respondent's argument that applicant abandoned her application. This claim is based upon a statement her counsel made only after the trial court had made it plain that he would hear no evidence in support of the application unless it tended to show the respondent-guardian's "gross immorality." We do not interpret counsel's statement as an abandonment of applicant's position that the evidence she offered to introduce was pertinent to, and supportive of, her application.

In accord with the foregoing, we are of the opinion that the trial court erred in rejecting applicant's offer to show respondent's guardianship should be terminated because applicant had become a fit and proper person to have the minors' custody and that such custody would be for their best interests. Having so determined, we find it unnecessary to discuss arguments of the parties pertaining to other matters.

The order and/or judgment appealed from is hereby reversed, and this cause is remanded to the trial court with directions to vacate same and proceed in a manner consistent with the views expressed herein.

All Justices concur.