2001 OK 9

**Michelle SCOTT, now Holden, Plaintiff/Appellant,**

v.

**Guy SCOTT, Defendant,**

**Roger and Glenna Scott, Intervenors/Appellees.**

No. 93371.

Supreme Court of Oklahoma.

Jan. 30, 2001.

As Corrected Feb. 7, 2001.

Catheryn G. Hummel, Tulsa, OK, for Appellees.

Mark A. Zannotti, Tulsa, OK, for the Appellant.

HODGES, J.

¶ 1 The issue in this case is whether the district court erred in denying the plaintiff's motions to terminate grandparent visitation. Pertinent to the issue is title 10, section 5 of the Oklahoma Statutes as amended in 1996. Section 5 permitted a court to grant grandparent visitation if the "court deems it in the best interest of the child."[1] Subsection 5(A)(4) provided that a court may grant visitation to a grandparent if the parental rights of the grandparent's child have been terminated.[2] Subsection 5(A)(7) provided that a court could not terminate court-ordered visitation granted prior to adoption proceedings without an opportunity for the grandparent to be heard.[3]

---

1. Okla. Stat. tit. 10, § 5(A)(1)(i) (Supp.2000), provides:

   [T]he grandparent of an unmarried minor child may seek and be granted reasonable visitation rights to the child which visitation rights may be independent of either parent if the district court deems it to be in the best interest of the child and:

   . . .

   (i) at any other time and for such other reason the court deems it to be in the best interests of the child.

   This amendment became effective on November 1, 2000. Previous versions of this section likewise provided for a court to award grandparent visitation when it deemed it to be in the best interest of the child. For a history of title 10, .

section 5, see *In re Herbst*, 1998 OK 100, ¶ 7, 971 P.2d 395, 397, and *In re Bomgardner*, 1985 OK 59, ¶¶ 4–9, 711 P.2d 92, 94–95

2. Okla. Stat. tit. 10, § 5(A)(4) (Supp.1996), provided:

   [I]f the parental rights of one or both parents have been terminated, any person who is the parent of the person whose parental rights have been terminated may be given reasonable rights of visitation if the court determines that a previous grandparental relationship has existed between the grandparents and the child and the district court determines it to be in the best interest of the child.

3. Okla. Stat. tit. 10, § 5(A)(7) (Supp.1996), provided:

## I. FACTS

¶ 2 A child (the Child) was born in September 1992 to Michelle Scott, now Holden (the Mother), and Guy Scott during their marriage. The parents were divorced in 1994, with the Mother receiving custody and Guy Scott visitation. Thereafter, Guy Scott's parental rights were terminated. The Mother remarried on March 4, 1995. On July 26, 1996, she and her new husband adopted the Child. Before the adoption was final but after the marriage, the district court issued interim orders granting Guy Scott's parents, Roger and Glenna Scott (the Grandparents), visitation. After the adoption, the court, by final order issued on November 14, 1996, granted visitation to the Grandparents over the Mother's objection. Thereafter, the Mother filed a motion to terminate grandparent visitation which the court denied. The Mother appealed. The Court of Civil Appeals affirmed. This Court granted the writ of certiorari.

¶ 3 On appeal, the Mother argues: (1) the district court erred by failing to find that refusal to terminate grandparent visitation violated her constitutional rights, (2) absence an allegation and evidentiary support, the district court erred in finding harm sufficient to trigger a compelling state interest, and (3) the district court erred in failing to find In re Herbst[4] controlling.

## II. GRANDPARENT VISITATION

¶ 4 In *Troxel v. Granville,*[5] the United States Supreme Court reviewed an order granting grandparent visitation. In the cases of *In re Herbst*[6] and *Neal v. Lee,*[7] this Court discussed the requirements for granting

> [T]he district court shall not grant to the grandparents of an unmarried minor child, visitation rights to that child:
> a. subsequent to the final order of adoption of the child, provided however, any subsequent adoption proceedings shall not terminate any prior court-granted grandparental visitation rights unless said termination of visitation rights is ordered by the court after opportunity to be heard and the district court determines it to be in the best interest of the child....

4.  1998 OK 100, 971 P.2d 395.

5.  530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).

grandparent visitation. In all of these cases, the appeal was taken from an initial grant of grandparent visitation. These cases are not applicable in this appeal because here an order refusing to terminate court-ordered grandparent visitation is under attack.

¶ 5 This Court has held that a party seeking to modify a visitation order has the burden of proof.[8] Section 112 of title 43 of the Oklahoma Statutes provides that a court may "modify or change [a visitation order] whenever circumstances render the change proper." This court has construed this provision in a custody modification proceeding to require the moving party to show a change in circumstances which "adversely effect[s] the best interest of the child" such that "the temporal, moral and mental welfare of the child would be" improved by the change.[9] A similar showing is appropriate for a modification or change of a grandparent visitation order. Because the Mother is seeking to terminate existing court-ordered grandparent visitation, she has the burden of showing a change in circumstances such that modification or termination of an existing grandparent visitation is in the best interest of the child.

¶ 6 Subsection 5(A)(7) requires an evidentiary hearing before the termination of the grandparent visitation order after adoption proceedings [10] at which time the court is to take testimony on whether termination of the visitation is in the best interest of the child.[11] Although the district court held a hearing, no evidence was taken before the judge concerning the best interest of the Child as contemplated by section 5 of title 10.

6.  1998 OK 100, 971 P.2d 395.

7.  2000 OK 90, 14 P.3d 547.

8.  *Stewart v. Stewart,* 1980 OK 160, 619 P.2d 606.

9.  *Stephen v. Stephen,* 1997 OK 53, ¶ 4, 937 P.2d 92, 95.

10.  Okla. Stat. tit. 10, § 5(A)(7) (Supp.1996).

11.  Id.

The hearing consisted only of oral argument on the law. Only after conducting the statutorily-mandated subsection 5(A)(7) hearing to determine the best interest of the child will the court have the facts necessary for an informed decision. Because the court did not hold a section 5(A)(7) hearing to determine whether the best interest of the Child would be served by terminating visitation, we remand the matter to the district court to conduct such an evidentiary hearing.

## III. CONCLUSION

¶ 7 Because the district court did not conduct the hearing statutorily mandated by subsection 5(A)(7), the judgment of the district court is reversed, and the matter remanded for proceeding consistent with this opinion. The Court of Civil Appeals' opinion is vacated.

COURT OF CIVIL APPEALS' OPINION VACATED; REVERSED AND REMANDED.

¶ 8 HARGRAVE, C.J., LAVENDER, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur.

¶ 9 OPALA, J., concurs in result.

¶ 10 WATT, V.C.J., KAUGER, J., dissent.