OSCN Found Document:BIRTCIEL v. JONES

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 BIRTCIEL v. JONES
2016 OK 103
Case Number: 113457
Decided: 10/11/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 103, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

MARY BIRTCIEL, Plaintiff/Appellant,
v.
CHAD ALLEN JONES, Defendant/Appellee.

ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY,
OKLAHOMA, THE HONORABLE BARRY L. HAFAR, DISTRICT JUDGE

¶0 Appellant/Grandmother, Mary Birtciel, petitioned in Oklahoma County for visitation of her minor granddaughter following the death of the Child's mother. Prior to resolution of this petition, Appellee/Father, Chad Allen Jones, and his new wife/Stepmother adopted the Child in Canadian County. Father then moved to dismiss Grandmother's petition on the grounds that the adoption created a new, intact nuclear family unit. The District Court of Oklahoma County found, sua sponte, that Grandmother's non-appearance at the adoption hearing divested her of the right to seek visitation, despite the fact that her petition was filed prior to the adoption and remained pending. The Court of Civil Appeals affirmed. Grandmother appealed, and we retained the matter.

REVERSED AND REMANDED.

Thomas A. Daniel and Michelle K. Smith, OKC, OK, for Plaintiff/Appellant.
Scott A. Hester and Jennifer E. Irish, Edmond, OK, for Defendant/Appellee.

Winchester, J.

¶1 The issue in this case is whether Father and Stepmother's adoption of the Child, at which proceedings Grandmother did not appear, controls the outcome of Grandmother's previously filed and pending visitation petition. The trial court ruled that Grandmother's nonappearance divested her right to seek visitation, and the opposition of both parents in this newly created intact nuclear family precluded the court from authorizing such a visitation. The Court of Civil Appeals affirmed this judgment, and we granted certiorari. We find error warranting remand to the trial court to hear Grandmother's petition for grandparental visitation.

BACKGROUND

¶2 Appellant, Mary Birtciel ("Grandmother"), is the Child's biological, maternal grandmother, and Appellee, Chad Allen Jones ("Father"), is the Child's biological father. In 2008, the Child's biological parents divorced, and Father later remarried his current wife ("Stepmother"). In the years following the divorce, the Child and her mother lived close to Grandmother until the mother died of cancer in January 2014. Since the mother's death, the Child has lived with Father.

¶3 In February 2014, Grandmother filed a petition in Oklahoma County for visitation of the Child. Father responded requesting that the petition be denied, and the court set a trial for October 2014. Four months later, in June 2014, Stepmother petitioned in Canadian County to adopt the Child while Grandmother's petition was pending. Father and Stepmother sent Grandmother notice of the adoption hearing, stating that neither Grandmother's presence nor consent was necessary at the hearing.

¶4 In July 2014, Father moved to dismiss Grandmother's petition for improper venue. In August 2014, the trial court in Canadian County awarded Stepmother adoption of the Child while Grandmother's petition was still pending in Oklahoma County. In subsequent briefs supporting his venue motion, Father also moved to dismiss Grandmother's petition on the grounds that the adoption created an intact nuclear family, thereby triggering the prohibition that "[u]nder no circumstances shall any judge grant the right of visitation to any grandparent if the child is a member of an intact nuclear family and both parents . . . object." 43 O.S. 2011, §109.4(B). Father also relied on 43 O.S. 2011, §109.4(D)(3)(a), which prohibits the grant of new visitation rights following adoption, but does not terminate previously granted rights.

¶5 Grandmother objected arguing that 43 O.S. 2011, §109.4(D) was inapposite since it "applies only to children born out of wedlock;" the adoption did not create a new, intact nuclear family as envisioned in 43 O.S. 2011, §109.4(E)(2)(b); and her right to seek visitation vested at the time of the mother's death and continued to date, pursuant to 43 O.S. 2011, §109.4(A)(1)(c)(3). The trial court denied Father's motion on venue grounds, but scheduled a later hearing on the newly asserted adoption issue. At this hearing in September 2014, the court found, sua sponte, that Grandmother's failure to appear at the adoption proceeding in Canadian County to reassert her visitation claim divested her of a right to seek visitation. Grandmother moved for reconsideration contending that the sua sponte ruling denied her due process. The trial court denied the motion.

¶6 Grandmother appealed from both orders urging that she did not lose her right to seek visitation by not appearing at the adoption, at which she lacked standing to do so; her due process rights were violated by the sua sponte ruling; and the adoption--granted subsequent to and while her visitation petition remained pending--equally did not divest her of this right. The Court of Civil Appeals, Division I, affirmed finding that because the adoption created a new, intact nuclear family unit and both parents opposed the visitation, Grandmother's petition should be denied. We granted certiorari to review the matter.

Standard of Review

¶7 The best interest of the child provides a paramount consideration in matters regarding child custody and visitation rights. Daniel v. Daniel, 2001 OK 117, ¶ 21, 42 P.3d 863, 871. When reviewing the trial court's determination of grandparental visitation, this Court evaluates for an abuse of discretion. Murrell v. Cox, 2009 OK 93, ¶ 23, 226 P.3d 692, 697. Under this standard, this Court will reverse "only if the trial court's decision is clearly against the evidence or is contrary to a governing principle of law." Curry v. Streater, 2009 OK 5, ¶8, 213 P.3d 550, 554.

Discussion

¶8 Grandmother asserts three issues in her petition for certiorari: standing, timing, and due process. First, she argues her nonappearance at the adoption did not divest her of a right to seek visitation since she had no standing to appear at the proceeding. Second, she argues this right vested at the time of disruption in the original intact nuclear family and was not lost by the subsequent adoption. Finally, she contends the trial court's ruling on a new argument raised at trial violated her due process rights.

¶9 Seeking foremost to "ensure and promote the best interests of the child in adoption," the Oklahoma Adoption Code provides the statutory requirements for matters of child custody and visitation rights. 10 O.S. 2011, §7501-1.2(A)(1). Concerning grandparental visitation, the Code provides that a grandparent may seek and be granted reasonable rights of visitation to the extent permitted by 43 O.S. 2011, §109.4. 10 O.S. 2011, §7505-6.5(C).

¶10 Under this provision, a court may grant a grandparent visitation where (1) the visitation is in the best interest of the child,[1] (2) there is a showing of parental unfitness, or the grandparent rebuts the presumption that the fit parent is acting in the best interest of the child, and (3) there has been a disruption in the child's intact nuclear family unit, based on certain enumerated circumstances. 43 O.S. 2011, §109.4(A)(1)(a)-(c). Among these circumstances, a disruption may arise from divorce or death of the child's parent who is a child of the grandparent. 43 O.S. 2011, §109.4(A)(1)(c)(1), (3). In either situation, the grandparent seeking visitation must have had a preexisting relationship with the child predating the disrupting event. 43 O.S. 2011, §109.4(A)(1)(c)(1)-(3).

I. Standing of Grandparent Seeking Visitation at Adoption Proceeding

¶11 This Court has previously held that a grandparent's rights to court-compelled visitation with a grandchild are statutory. Craig v. Craig, 2011 OK 27, ¶28, 253 P.3d 57, 64. In Craig, the Court found that the factors enumerated by statute in 43 O.S. 2011, §109.4 are

'the only circumstances [where] the grandparent visitation statute clearly divests parents of the right to decide what is in their child's best interest and gives that determination to the district court vesting grandparents with the standing to pursue visitation rights over the objections of the parents.'

Id. ¶ 22 (quoting Murrell v. Cox, 2009 OK 93, ¶ 26, 226 P.3d 692, 698); In re Herbst, 1998 OK 100, ¶9, 971 P.2d 395, 397. Likewise, standing is statutorily determined, and adverse parties may not confer standing to another by their actions in litigation. In Re Adoption of I.D.G., 2002 OK CIV APP 22, ¶12, 42 P.3d 303, 306.

¶12 Here, Grandmother's standing extended only to purposes of resolving her visitation rights¾not to resolution of Stepmother's adoption. Consent to the adoption was necessary only from the Child's Father. 10 O.S. 2011, §7503- 2.1(A)(2)(a). Without the need for her consent, Grandmother was equally not entitled to notice. 10 O.S. 2011, §7503-3.1. Accordingly, she lacked standing to appear at the adoption proceeding. The trial court agreed. However, it reasoned that while Grandmother could not have appeared to object to the adoption, she could have appeared to reassert her visitation claims since she received notice. We disagree. The Adoption Code grants standing plainly and to the extent of the corresponding proceeding. The decision of Father and Stepmother to send courtesy notice--to which Grandmother was never statutorily entitled--has no effect on her standing. Indeed, it neither confers additional standing to her at the adoption nor diminishes her existent standing at the visitation proceeding.

II. Timing: Impact of Adoption on Pending Visitation Petitions

¶13 While the Adoption Code prohibits a court from granting a new visitation right after adoption, it does not terminate a previously granted right. 43 O.S. 2011, §109.4 (D)(3)(a). Additionally, the Code contemplates pending visitation petitions in the required disclosures for adoption, stating that the adoption petitioner shall specify "[a] description of any previous court order, litigation or pending proceeding known to the petitioner concerning custody of or visitation with the minor." 10 O.S. 2011, §7505-3.1(A)(11).

¶14 By requiring this disclosure, the Legislature warrants the trial court's consideration of the full context of interests in the child's life so that it may adequately determine the best interest of the child. We do not seek to add to that warranty here. No text in the Adoption Code required Grandmother's presence at the adoption proceeding. Even the notice she received from Father and Stepmother confirms this. The required disclosure provision indicates that Grandmother's visitation proceeding should have been heard prior to any decision regarding Stepmother's subsequent request to adopt the Child.

¶15 Concerning the impact of the adoption, Grandmother's appearance or lack thereof at the adoption proceeding, not statutorily required of her, should not determine the outcome of her pending visitation petition. Indeed, Grandmother's properly filed, undecided petition arrived to the court four months before Stepmother petitioned to adopt and six months before the court granted the adoption. Grandmother followed all required procedure by filing, providing notice, and awaiting her day in court. She should not be penalized for another court's decision to resolve the separate and subsequently-filed action of adoption without reference to the impact of that ruling on her pending petition.

III. Due Process & Effect of Adoption on Pending Visitation 

¶16 If a grandparent has a vested right to seek visitation of her grandchild and followed the proper procedure to act on such right, a final decree of adoption granted before resolution of such a petition should not preclude the fruits of this right. Again, the purpose of the Adoption Code is to "ensure and promote the best interests of the child in adoption" not to award the victor in a race to the courthouse. 10 O.S. 2011, §7501-1.2(A)(1). Indeed,

If one natural parent is deceased and the surviving natural parent remarries, any subsequent adoption proceedings shall not terminate any pre-existing court-granted grandparental rights belonging to the parents of the deceased natural parent unless the termination of visitation rights is ordered by the court having jurisdiction over the adoption after opportunity to be heard, and the court determines it to be in the interest of the child.

43 O.S. 2011, §109.4(C).

¶17 Grandmother's right to seek visitation vested at the disruption of the intact nuclear family, first by the parent's divorce and then by the death of the Child's mother. 43 O.S. 2011, §109.4(A)(1)(c)(1), (3). The trial court focused on 43 O.S. 2011, §109.4 (D)(3)(a), providing that adoption prohibits the grant of new grandparental visitation rights but does not terminate previously granted visitation rights. However, by deciding the adoption prior to resolution of the visitation petition--thereby framing Grandmother's rights in reference to the subsequently filed, subsequently granted adoption--the court disposed of Grandmother's opportunity to ever obtain any "previously granted" visitation right.

¶18 Had the court resolved visitation in Grandmother's favor prior to the adoption proceeding, the Child's subsequent adoption would not have precluded Grandmother's visitation rights. To the contrary, Grandmother would have been statutorily entitled to an evidentiary hearing before any court could terminate or disrupt that previously granted right. 43 O.S. 2011, §109.4(F)(2); see also Scott v. Scott, 2001 OK 9, ¶ 6, 19 P.3d 273, 275-76.

¶19 The court's determination of the adoption before resolution of the previously filed visitation effectively deprived Grandmother of her statutory right to seek visitation of the Child. Accordingly, we reverse and remand to the trial court to hear Appellant's petition for grandparental visitation with consideration of the factors provided in 43 O.S. 2011, §109.4(E).

REVERSED AND REMANDED

ALL JUSTICES CONCUR.

FOOTNOTES

[1] Section 109.4(E)(1) delineates factors for the court to consider in determining the best interest of the child. In pertinent part these factors include: (a) the need and import of the continuing preexisting relationship with the grandparent, (b) the willingness of the grandparent to encourage the parental relationship, (c) the nature of the preexisting relationship between child and grandparent, (d) the nature of the relationship between child and parent, (e) the motivation of the grandparent to continue the relationship, (f) the motivation of the parent(s) denying visitation, (g)-(i) the mental and physical health of the grandparent, child, and parent(s), (j) the stability of the family unit and environment, (k) the moral fitness of the parties, and (m) the quantity of visitation requested and the potential adverse impact on the child.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2002 OK CIV APP 22, 42 P.3d 303, IN RE ADOPTION OF I.D.G.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 9, 19 P.3d 273, 72 OBJ 364, SCOTT v. SCOTT
Discussed
 2001 OK 117, 42 P.3d 863, 72 OBJ 3708, DANIEL v. DANIEL
Discussed
 2009 OK 5, 213 P.3d 550, CURRY v. STREATER
Discussed
 2009 OK 93, 226 P.3d 692, MURRELL v. COX
Discussed at Length
 2011 OK 27, 253 P.3d 57, CRAIG v. CRAIG
Discussed
 1998 OK 100, 971 P.2d 395, 69 OBJ 3508, In the Matter of the Application of Herbst
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 109.4, Visitation Rights of Grandparent of Unmarried Minor
Discussed at Length