OSCN Found Document:IN THE MATTER OF THE ADOPTION OF S.A.H.

 

 
 

 
 IN THE MATTER OF THE ADOPTION OF S.A.H.
2022 OK 10
Case Number: 118986; Comp. w/119218
Decided: 02/01/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 10, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Â 

Â 

IN THE MATTER OF THE ADOPTION OF: S.A.H., Minor Child.

IN THE MATTER OF THE GUARDIANSHIP OF: S.A.H., Minor Child.

NO. 118,986 ON APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY 
Honorable Kurt Glassco, Trial Judge

NO. 119,218 ON APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
Honorable James Keeley, Trial Judge

Thomas H. Landrum, The Firm on Baltimore, PLLC, Tulsa, Oklahoma, for Appellant.

Catherine Z. Welsh and Jim C. McGough, Welsh & McGough, PLLC, Tulsa, Oklahoma, for Appellees.

Â¶0 Minor child's cousin appealed two district court decisions that (1) denied the cousin's motion to vacate an adoption of the minor child to her paternal grandparents and (2) dismissed the cousin's claim for guardianship due to the adoption. This Court retained the appeals. We affirm the district courts' decisions. The cousin had no statutory or constitutional rights to custody of the minor child to warrant vacating an adoption consented to by the minor child's father.

NO. 118,986 - DISTRICT COURT'S JUDGMENT AFFIRMED.

NO. 119,218 - DISTRICT COURT'S JUDGMENT AFFIRMED.

Winchester, J.

Â¶1 Today, we dispose of two related cases involving minor child S.A.H. by a single opinion. In Case No. 118,986, Appellant S.A.H.'s maternal first cousin (Cousin) appealed the district court's denial of her motion to vacate an order finalizing the adoption of the minor child to Appellees, S.A.H.'s paternal grandparents (Grandparents).[1] In Case No 119,218, Cousin appealed the dismissal of her petition for general guardianship based on Grandparents' adoption of S.A.H. We retained both appeals.

Â¶2 The issues before this Court are (1) whether the adoption court erred in granting the adoption of the minor child to Grandparents based on the consent of S.A.H.'s father (Father) while Cousin had a claim for general guardianship pending, and (2) whether the guardianship court erred in dismissing Cousin's petition for guardianship due to the adoption. We answer both in the negative. Cousin holds no constitutional or statutory right to unwind Grandparents' adoption to which Father consented. Due to Grandparents' adoption of the minor child, a guardianship is not necessary.

FACTS AND PROCEDURAL HISTORY 

Â¶3 S.A.H. was born out-of-wedlock on February 3, 2009. S.A.H.'s mother (Mother) had sole legal custody of S.A.H. until Mother could no longer care for the minor child due to a terminal illness. On May 2, 2019, Cousin petitioned to be S.A.H.'s temporary and general guardian in Tulsa County District Court, Case No. PG-2019-293 (Guardianship Matter). Cousin's basis for her request for the guardianship was that Mother had a terminal illness and S.A.H.'s father had not acknowledged paternity, had not obtained a court determination of paternity, and had not supported the minor child financially or otherwise. The district court appointed Cousin as the temporary guardian of the minor child. On May 4, 2019, Mother passed away.

Â¶4 On July 31, 2019, S.A.H.'s father (Father) petitioned for determination of paternity and custody of the minor child in Tulsa County District Court, Case No. FP-2019-230 (Paternity Matter). Father established his paternity through genetic testing.

Â¶5 On October 1, 2019, Father filed his notice of paternity adjudication and motion to dismiss the temporary guardianship in the Guardianship Matter. On October 16, 2019, the guardianship court held a show-cause hearing. The guardianship court found insufficient evidence to continue the guardianship and terminated Cousin's temporary guardianship. At Cousin's request, the guardianship court set a trial for her petition for general guardianship on January 22, 2020.

Â¶6 On October 17, 2019, Grandparents petitioned to adopt S.A.H. in Tulsa County District Court, Case No. FA-2019-357 (Adoption Matter). On November 1, 2019, Father petitioned the paternity court for custody of S.A.H. due to his established paternity, and the court granted Father sole legal and physical custody of the minor child. Father then provided his consent to Grandparents' adoption of the minor child in the Adoption Matter. On January 31, 2020, the adoption court held a best-interests hearing and issued the final decree of adoption to Grandparents.

Â¶7 In the Guardianship Matter, Cousin requested a continuance for the trial on her petition for general guardianship of the minor child. In February 2020, Cousin filed multiple motions in preparation for the trial, which prompted Grandparents to file a motion to dismiss the Guardianship Matter due to the adoption. On March 13, 2020, the guardianship court struck the hearing on Cousin's motions as moot due to the finalized adoption.

Â¶8 Almost two months after the guardianship court struck the hearing on Cousin's motions, Cousin filed a motion to vacate Grandparents' adoption in the Adoption Matter. The adoption court held a hearing and denied Cousin's motion to vacate, reasoning that Cousin did not demonstrate a basis under 12 O.S.2011, Â§ 1031[2] to vacate the adoption.

Â¶9 On October 19, 2020, the guardianship court held a hearing and granted Grandparents' motion to dismiss the Guardianship Matter. The guardianship court concluded that Cousin's request for guardianship was moot due to the finalized adoption.

Â¶10 Cousin appealed the denial of her motion to vacate the final adoption decree in the Adoption Matter.[3] Cousin also appealed the granting of Grandparents' motion to dismiss in the Guardianship Matter. We retained both appeals, and this opinion addresses both district courts' rulings.

STANDARD OF REVIEW

Â¶11 The Court reviews the appointment or termination of a guardian for an abuse of discretion. Bank of Okla., N.A. v. Red Arrow Marina Sales & Serv., Inc., 2009 OK 77, Â¶ 11, 224 P.3d 685, 693; Smith v. City of Stillwater, 2014 OK 42, Â¶ 11, 328 P.3d 1192, 1197; Brigmam v. Cheney, 1910 OK 316, Â¶ 5, 112 P. 993, 994. We will not reverse unless the guardianship court's determination is against the clear weight of the evidence or contrary to law. In re Guardianship of Holly, 2007 OK 53, Â¶ 19, 164 P.3d 137, 143. As Cousin appeals an order granting a motion to dismiss, we examine the issues of the dismissal of the Guardianship Matter de novo, since an appellate court has plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings. Id.

Â¶12 The standard of review for the denial of Cousin's motion to vacate Grandparents' adoption of the minor child is also an abuse of discretion. Smith, 2014 OK 42, Â¶ 11, 328 P.3d at 1197; Bank of Okla., N.A., 2009 OK 77, Â¶ 11, 224 P.3d at 693; In re Adoption of C.D.M., 2001 OK 103, Â¶ 23, 39 P.3d 802, 811. Applying these standards of review to the present case, Cousin fails to affirmatively show the district courts' decisions were an abuse of discretion, against the clear weight of the evidence, or contrary to law.

DISCUSSION

I. THE GUARDIANSHIP COURT AND ADOPTION COURT PROPERLY CONSIDERED THE BEST INTERESTS OF THE MINOR CHILD. 

Â¶13 As a preliminary matter, Cousin focuses her arguments on appeal to an overarching issue: the district courts abused their discretion in not considering the best interests of the minor child when the courts terminated the temporary guardianship, granted the adoption to Grandparents, and dismissed the Guardianship Matter. Essentially, Cousin contends she could better care for the minor child than Father or Grandparents. We find this argument without merit.

Â¶14 Under Oklahoma law, the presumption is a minor child's best interest "is served by placement with its natural parent in the absence of clear and convincing evidence establishing that the parent is unfit." In re Guardianship of M.R.S., 1998 OK 38, Â¶ 14, 960 P.2d 357, 361. Another family member or a third party seeking custody must affirmatively, not comparatively, show the natural parent is unfit. Ingles v. Hodges, 1977 OK 18, Â¶ 9, 562 P.2d 845, 846 (holding even the children's preference was not sufficient to justify taking them from their father when there was no evidence of the father's unfitness). A court will not deprive natural parents of custody simply because another family might be able to provide more amenities and opportunities for the child. In re Guardianship of M.R.S., 1998 OK 38, Â¶ 21, 960 P.2d at 363 (holding the district court erred when it determined that the interest of the child outweighed any "rights" of the natural parent to her custody and control).

Â¶15 Cousin construes her request for a guardianship to be akin to a proceeding for termination of parental rights to obtain permanent custody of the minor child; it is not. The guardianship court could terminate Cousin's temporary guardianship of the minor child when it was no longer necessary--when the impediment to the natural parent's custody was removed, unless to do so would have been harmful to the welfare of the child. 30 O.S.2011, Â§ 4-804; In re Guardianship of Hatfield, 1972 OK 10, Â¶ 8, 493 P.2d 819, 821; see also Grose v. Romero, 1948 OK 120, 193 P.2d 1014. Cousin obtained a temporary guardianship, lasting only five months until Father established that he was the biological father of the minor. Once he did, the guardianship court held a hearing and dismissed the temporary guardianship because it was no longer necessary. The district court did not abuse its discretion in terminating the temporary guardianship as, under Oklahoma law, Father carried the presumption of the best-interest placement and the record is absent of evidence of Father's unfitness. Without a showing of harm to the child's welfare, it was in the minor child's best interest for the district court to place the child with her Father once he established paternity.

Â¶16 The paternity court then granted Father full custody of the child, and Father had the constitutional right to make decisions regarding the welfare of his child. In re Adoption of D.T.H., 1980 OK 119, Â¶ 18, 615 P.2d 287, 290 (overruled on other grounds). Parents' constitutional rights include making decisions about their child's custody and upbringing, and a third party may not infringe upon those rights unless there is a finding of harm to the child or of the parent's unfitness. In re Herbst, 1998 OK 100, Â¶ 10, 971 P.2d 395, 397; McDonald v. Wrigley, 1994 OK 25, Â¶ 4, 870 P.2d 777, 779 (noting that a district court may award custody to a third party if it finds both parents unfit); Davis v. Davis, 1985 OK 85, Â¶ 13, 708 P.2d 1102, 1108. There is a presumption that parents act in their child's best interests. Eldredge v. Taylor, 2014 OK 92, Â¶ 19, 339 P.3d 888, 894 (citations omitted).

Â¶17 The record established that Father believed it was in the best interests of S.A.H. for Grandparents to adopt and care for her because they could provide a more stable home for the minor child due to Father's work schedule. Grandparents are retired and have the flexibility to meet the needs of the minor child when demands arise. Father and Grandparents had been a part of the minor child's life since she was born, and Father had the opportunity to continue to be a part of the minor's life after the adoption. Grandparents had experience caring for children in raising their own adopted children and in teaching students throughout their careers in education. Grandparents also demonstrated a desire to facilitate a relationship between the minor child and Mother's extended family. Upon review, there is nothing within the record that shows requisite harm to the minor or unfitness to prevent Father's decision to consent to Grandparents' adoption. See e.g., In re Herbst, 1998 OK 100, Â¶ 16, 971 P.2d at 399. Instead, the presumption under Oklahoma law is and, the record demonstrates, that Father was acting in the minor child's best interests. The adoption court therefore did not abuse its discretion in granting Grandparents' adoption petition of the minor child.

II. THE ADOPTION COURT COULD PROCEED WITH GRANDPARENTS' PETITION FOR ADOPTION WHILE THE GUARDIANSHIP REQUEST WAS PENDING.

Â¶18 Cousin contends that it was improper for the adoption court to proceed with the Adoption Matter while the Guardianship Matter was pending. She further argues that Grandparents aggravated the situation by not fully disclosing in their adoption petition that Cousin had a claim for general guardianship still pending. We disagree; the adoption court correctly proceeded with the minor child's adoption.

Â¶19 The guardianship court had jurisdiction to order and administer the Guardianship Matter and retained that jurisdiction over the guardianship "until termination of the proceeding." 30 O.S.2011, Â§ 1-113(B). The guardianship court terminated the temporary guardianship when it was no longer necessary. 30 O.S.2011, Â§ 4-804; see also In re Guardianship of Hatfield, 1972 OK 10, Â¶ 8, 492 P.2d at 821; see also Grose, 1948 OK 120, 193 P.2d 1014. Cousin requested a trial for a general guardianship. However, the paternity court granted full custody of the minor child to Father. The guardianship court should have dismissed the entire guardianship as moot at the time the paternity court awarded Father full custody of the minor child as a guardianship was no longer necessary. See In re Adoption of R.W.S., 1997 OK 148, Â¶ 24, 951 P.2d 83, 88 (holding a guardianship was moot since the court awarded custody of the minor child to the natural mother). Upon dismissal, the guardianship court's jurisdiction would have concluded at that time.

Â¶20 Even with the district court allowing Cousin's general guardianship claim to survive, we hold that the Guardianship Matter and the Adoption Matter were separate proceedings requesting different relief. Oklahoma law allows some related actions to proceed simultaneously--just as the Paternity Matter and Guardianship Matter proceeded simultaneously in this case. See, e.g., Steltzlen v. Fritz, 2006 OK 20, 134 P.3d 141; see also, e.g., 10 O.S.2011, Â§ 7503-302(A) (a paternity action may be filed when notice of an adoption is given). Our Court allows two matters to proceed simultaneously when full, complete, and adequate relief cannot be obtained in the first court and an intolerable conflict of jurisdiction does not exist. State v. Lohah, 1967 OK 165, Â¶Â¶ 6-7, 30, 434 P.2d 928, 930, 934. Father, who had full legal custody of the minor child, consented to Grandparents' adoption of the minor child. Cousin had no legal right to object to the adoption as she had no current guardianship or right to custody of the minor child. See Birtciel v. Jones, 2016 OK 103, Â¶ 12, 382 P.3d 1041, 1044 (holding a grandmother had no standing in a minor's adoption because consent was only necessary from the minor's father). Grandparents could not obtain full, complete, and adequate relief in the Guardianship Matter concerning their adoption of the minor child, and an intolerable conflict between the proceedings did not exist.

Â¶21 Cousin relies on multiple cases to support her contention that it was improper for the adoption court to proceed with the Adoption Matter while the Guardianship Matter was pending. These cases involved either divorce actions or third parties' efforts to obtain a guardianship or adoption of a minor child.[4] Those appellate decisions decided the procedural and jurisdictional issues based on the specific facts in each case. However, none involved a natural parent with full custody of a minor child consenting to an adoption. We have recognized the importance of the right to consent to an adoption as an important right in and of itself. Steltzlen, 2006 OK 20, Â¶ 12, 134 P.3d at 144. Because of that right, we recognize a preference of Father's consent for Grandparents to adopt the minor child over another family member's request for guardianship--where that family member has no current guardianship or rights to custody of the minor child. Therefore, under the facts of this case, the adoption court could proceed with the Adoption Matter even though a claim for general guardianship was pending.

Â¶22 We acknowledge that Grandparents stated in their adoption petition that the guardianship court dismissed the Guardianship Matter without clarifying that Cousin had a claim for general guardianship pending. However, Grandparents' petition provided the case number for the Guardianship Matter. The adoption court should have confirmed the status of the Guardianship Matter and consolidated the matter or deferred to the guardianship court if it thought necessary. However, we do not believe Grandparents' actions warrant the unwinding of the adoption of the minor child to which Father consented.

III. GRANDPARENTS WERE NOT REQUIRED TO GIVE COUSIN NOTICE OF THE ADOPTION.

Â¶23 Cousin contends Grandparents violated her due process rights when they did not give her notice of their pending adoption of the minor child. We again disagree.

Â¶24 Cousin had no right--by statute or constitution--to notice of Grandparents' adoption. In Birtciel, a grandmother sought visitation of her minor grandchild pursuant to her rights under Oklahoma statutes. 2016 OK 103, 382 P.3d 1041. Four months later, the minor's stepmother petitioned another district court to adopt the child. The adoption court granted the adoption of the minor child to the stepmother while the grandmother's petition for visitation was still pending. The district court then dismissed the grandmother's petition for visitation due to the adoption. The grandmother appealed. Id. Â¶Â¶ 3-6, 382 P.3d at 1042-43. In determining whether the grandmother had standing in the adoption matter, the Court ruled that the grandmother's standing only extended to purposes of resolving her visitation rights, not to the resolution of the adoption. It held consent to the adoption was necessary only from the child's father and grandmother could not have appeared to object at the adoption. The Court further concluded that without the need for her consent, the grandmother was not entitled to notice. Id. Â¶ 12, 382 P.3d at 1044.

Â¶25 Similarly, Cousin's standing in this case did not extend to the resolution of Grandparents' adoption as consent to the adoption was necessary only from Father. Cousin could not appear to object to the adoption. Grandparents therefore followed the notice requirements under the Oklahoma adoption statutes, which we strictly construe. Oklahoma adoption procedure is "wholly within the control of the legislature," and the Court cannot broaden the requirements to obtain an adoption beyond that set by the Legislature. Head v. McCracken, 2004 OK 84, Â¶ 13, 102 P.3d 670, 680; In re Adoption of G.D.L., 1987 OK 115, Â¶ 13, 747 P.2d 282, 285. Under Oklahoma law, Cousin was not entitled to notice of the adoption proceedings.

Â¶26 We note the basis for granting relief to the grandmother in Birtciel was the Court's desire not to penalize the grandmother when Oklahoma statutes governed her visitation rights and as required by the statutes, she filed her request for visitation prior to the adoption matter. 2016 OK 103, Â¶ 15, 382 P.3d at 1045. Cousin was not penalized in this case because she does not have any statutory rights to custody or visitation. See, e.g., K.R. v. B.M.H., 1999 OK 40, Â¶ 17, 982 P.2d 521, 524 (denying an aunt visitation because she had no constitutional right to visit her minor niece, nor did she have any statutory visitation rights under Oklahoma law).

CONCLUSION

Â¶27 Cousin requests an equitable remedy in this matter--for the Court to give her custody rights that do not exist under Oklahoma law. Equity is subject to the United States and Oklahoma constitutions and may not exceed the protections and privacy therein assured to families. Allowing Cousin to object and unwind an adoption that Father consented to would violate his constitutional right to make decisions regarding his child. Without the requisite harm or unfitness, Cousin's interest does not rise to a level so compelling as to warrant intrusion upon the fundamental right of a parent, including the right to consent to adoption. We refuse to extend equity to provide Cousin a remedy in this case. For these reasons, we affirm the adoption court's denial of Cousin's motion to vacate Grandparents' adoption and the guardianship court's dismissal of Cousin's request for guardianship due to the adoption.

NO. 118,986 - DISTRICT COURT'S JUDGMENT AFFIRMED.

NO. 119,218 - DISTRICT COURT'S JUDGMENT AFFIRMED.

CONCUR: Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Combs and Rowe, JJ.

CONCUR IN RESULT: Gurich and Kuehn, JJ.

FOOTNOTES

[1] Oklahoma Supreme Court Rule 1.25, 12 O.S. Supp. 2013, app. 1 provides in pertinent part:

(b) ... In appeals from juvenile proceedings including, but not limited to, adoption and paternity proceedings and proceedings under the juvenile code, the initial of the child's name shall be used rather than the child's name.

Referring to Appellant as "Cousin" and to Appellees as "Grandparents" in this opinion is done in the same spirit of protecting the privacy of the child as that expressed in Oklahoma Supreme Court Rule 1.25.

[2] A district court's power to vacate or modify its judgments is as follows:

The district court shall have power to vacate or modify its own judgments or orders within the times prescribed hereafter:

1. By granting a new trial for the cause, within the time and in the manner prescribed in Sections 651 through 655 of this title;
2. As authorized in subsection C of Section 2004 of this title where the defendant had no actual notice of the pendency of the action at the time of the filing of the judgment or order;
3. For mistake, neglect, or omission of the clerk or irregularity in obtaining a judgment or order;
4. For fraud, practiced by the successful party, in obtaining a judgment or order;
5. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings;
6. For the death of one of the parties before the judgment in the action;
7. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending;
8. For errors in a judgment, shown by an infant in twelve (12) months after arriving at full age, as prescribed in Section 700 of this title; or
9. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.

12 O.S.2011, Â§ 1031.

[3] Grandparents argue that Cousin filed her motion to vacate the adoption more than 30 days after the district court entered the final decree of adoption. Grandparents contend Cousin must therefore prove the decree was void. We disagree in that Cousin had no notice of the final decree of adoption until after the 30 days expired.

[4] In re Adoption of B.K.J., 1982 OK 143, Â¶ 20, 639 P.2d 611, 614; Lohah, 1967 OK 165, Â¶ 29, 434 P.2d at 934; see also In re Adoption of A.D.H., 2000 OK CIV APP 134, Â¶ 11, 15 P.3d 519, 521.